## UNITED STATES v. BOWERS.

### No. 14287.

United States Court of Appeals Fifth Circuit.

Feb. 25, 1953.

---

Holvey Williams, Asst. U. S. Atty., El Paso, Tex., Charles F. Herring, U. S. Atty., El Paso, Tex., for appellant.

Harold L. Sims, Robert L. Holliday and Harold S. Long, El Paso, Tex., for appellee.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment for the plaintiff in an action under the Federal Tort Claims Act.[1]

Early on the morning of June 25, 1950, the plaintiff was driving his automobile on one of the mountain roads in the Elephant Butte Recreation Area operated and main-

1. 60 Stat. 842, now appearing as 28 U.S.C.A. 1346(b), 2401(b) and 2671 et seq.

tained by the Government in Sierra County, New Mexico. The road was about twenty-three and one-half feet wide, very mountainous and full of curves. According to the findings of fact by the district court, "This was about 6:00 o'clock a. m. and the rising sun was in such a position that it struck plaintiff full in the face as his car headed east, so that plaintiff was somewhat blinded, and the righthand wheels of his car angled off the edge of the road, and thus continued to move forward for several feet, when gravity overtook the vehicle and it tumbled sideways down the precipice into the rocky canyon below."

The court found that "the road in question did not cave-in, crumble or collapse at the place where the automobile left the highway" and further "that the defendant was not negligent in failing to erect and maintain guard rails or other suitable barriers along the outer edge of said road at the place of accident sufficient to repel the momentum of a moving automobile."

Liability was based on the court's finding that the Government was negligent "in failing to erect and maintain along the outer edge of said road suitable posts or other warning devices" and that such negligence was the proximate cause of the accident and of plaintiff's injuries and damages.

Assuming without deciding that the negligence found by the court is within the terms of the Federal Tort Claims Act, we are of the opinion that under the evidence the finding of negligence proximately causing the plaintiff's injuries was clearly erroneous. The plaintiff admitted that he had used the road dozens of times, was thoroughly familiar with it, that he knew there were no guard rails on it, and that he knew where the edge of the road was.[2] Failure to warn the plaintiff could not have been negligence proximately causing his injuries when he was already so familiar with the road as to appreciate the peril, 2 Am.Law Institute, Restatement of Torts, § 340; 38 Am Jur., Negligence, § 91.

The judgment is, therefore, reversed.

Reversed.

2. "Q. You had been up and down this particular road then dozens of times, had you? A. Yes, sir.
"Q. You were thoroughly familiar with it? A. Yes, sir.
"Q. You knew there were no guard rails on it? A. Yes, sir.
"Q. You knew it was a very rough mountainous road? A. Yes, sir.
"Q. Almost all of the roads up there are rough mountainous roads, are they not? A. They are.
 *    *    *    *    *
"Q. I believe you said you stopped that day three or four feet from the edge of the shoulder? A. Yes, sir.
"Q. If guard rails and posts had been up there, just like they are now, you could have still and would have stopped right there where you did? A. You could.
"Q. Guard rails would not prevent you from stopping where you did stop? A. Not necessarily, no.
"Q. You knew where the edge of the road was? A. I could see the edge of the road over the front of the car, but couldn't see on ahead of me."