Lloyd HASTING et ux. and Intervenors Central Surety Insurance Company et al., Appellants,

v.

**The TEXAS & PACIFIC RAILWAY COMPANY, Appellee.**

No. 5259.

Court of Civil Appeals of Texas.

El Paso.

Feb. 19, 1958.

See also 282 S.W.2d 758.

Guilford L. Jones, Big Spring, for appellants.

Mays & Leonard, Sweetwater, for appellee.

WILLIAMS, Justice.

This suit was brought by Lloyd Hasting and his wife, Mildred Hasting, to recover damages alleged to have been sustained by Mrs. Hasting, and damage to the pickup truck that she was driving, arising out of the grade crossing collision in Stanton, Texas, on October 14, 1952. Mrs. Hasting was driving north, and the train approached from the west. Two insurance companies intervened, but their intervention has no effect on this appeal.

The case was submitted to the jury on special issues, and they found that the railroad was not guilty of negligence in operating its train at an excessive rate of speed, was not guilty of negligence in not having it under proper control; in fact, it absolved the railroad of negligence in all respects except as to Issues 5, 8, and 9. They were, in substance, as follows: By Issue 5 it found that the crossing was unusually hazardous. By 8, it found that the railroad was negligent in not having a mechanical warning device at the crossing, and by Issue 9, it found that such failure was a proximate cause of the collision. It also found that Mrs. Hasting was not negligent in driving her truck upon the railroad track. $15,000 was awarded as damages. A motion for judgment was filed by each party and, after consideration of each, the court found in favor of the defendant and ordered that plaintiffs take nothing by said suit. In other words, the trial court determined that Issues 5, 8, and 9 did not entitle plaintiff to recover, because failing to have warning lights, as a matter of law, was not a proximate cause. The plaintiffs complained of this and, thereafter, filed

their amended motion for new trial, based solely on jury misconduct. Plaintiffs below (appellants herein) set up in their brief two points of error:

"Point No. 1:

"The honorable Trial Court erred in failing to render judgment for Appellants and Intervenors based upon the answer of the jury to Special Issues Five (5), Eight (8), and Nine (9).

"Point No. 2:

"The honorable Trial Court erred in failing to grant Appellants and Intervenors motion for new trial."

■■■ By Counterpoint One, appellee contends that appellants' Point 1 cannot be considered because same is not germane to any assignment of error in its amended motion for new trial. We cannot sustain this contention because we think an assignment was not necessary on account of the exception under Rule 324, Texas Rules of Civil Procedure, which says an assignment is not required when a judgment is rendered:

"* * * notwithstanding the finding of the jury on one or more special issues, or a motion for judgment on the verdict is made by the party who becomes appellant and is overruled; * * *"

We therefore consider appellants' Point 1, which is countered by appellee's Point 3, as follows:

"The Trial Court correctly held that the failure of appellee to have a mechanical warning device at the crossing was not a proximate cause of the collision, as a matter of law."

Mrs. Hasting testified that she stopped before going onto the track; saw the train, and thought that she had time to get across and would have done so if her motor had not died. She testified, on two occasions, in answer to questions from her attorney, that the front of her car had to be within about 18 feet of the main line south rail in order for her to have a clear view of the train approaching from the west. She further stated she first saw the train when it was two and a half or three blocks from the crossing, at the time she was stopped. She later said she might be wrong about that distance of 18 feet, and that she thought the front of her car was about 5 feet from the track when she first saw the train. She stated positively that she stopped at the first chance that she had to see down the track, some of the testimony in this regard being:

"But you did stop at the first point you could see around the depot, didn't you.

"Yes.

"Whether that be five feet or fifteen feet or eighteen feet, you stopped at the first point you could see west past the depot up the main line, is that right?

"Yes sir.

"No doubt about that, is there?

"No."

During the progress of the trial, the plaintiff Lloyd Hasting, at the request of his own attorney, went to the scene of the accident and sat in his car and took pictures down the track and measured the distances. He testified that when he sat in his car with the front end of his car six feet from the track, he could see all the way down the track. He introduced Exhibit No. 9 in evidence, which clearly shows the distance to be at least that far. Mrs. Hasting further testified that she would have made it across safely if the pickup had not stopped, and in another place, in her own words, she said that the fact that the engine of her pickup stalled was what caused the accident. It was undisputed that the nearest point of the depot is 18½ feet from the south rail of the main line. We therefore think that this case is controlled by Mc-

Mahan v. Texas & N. O. Ry. Co. (Comm. App.1942; adopted by Sup.Ct.), 138 Tex. 626, 161 S.W.2d 70, and do not think that any useful purpose would be served by an extended discussion of the facts or the law. We feel that the trial court was entirely correct in holding that the failure of the railroad to have a warning signal was not a proximate cause of the collision, as a matter of law. Appellants do not take issue with the law as announced in the above case, but argue that Texas Textile Mills v. Gregory, 1944, 142 Tex. 308, 177 S.W.2d 938, 939, is more in point, and controlling. They base this argument on the fact that, at one time, on re-direct examination, Mrs. Hasting pointed out objects in the courtroom the distance apart she thought her car was from the track, and a measurement showed this distance to be 60 inches. They argue, from this, that the overhang of the engine would have come within 30 inches of her car, had she sat there. They therefore contend that, had warning lights been there, she would have stopped before she got into this precarious position. Mrs. Hasting admitted, time and again, that she did not know just how far her car was from the track. Besides, had she sat still, she would not have been hurt, even under her most favorable testimony. We think this case is distinguishable from the Gregory case, supra, because in that case judgment for plaintiff was affirmed almost solely on the proposition that "the evidence is not conclusive that Ty Gregory then (after he saw defendant's truck) had time to have avoided the collision." Gregory had admitted that he saw defendant's truck, but contended that had defendant sounded his horn, he would have seen it sooner. The evidence in this case shows, conclusively, that Mrs. Hasting could have stopped with the front of her car at least 6 feet, and probably 18 feet, from the track,

and could have seen all the way down the track. She admitted that she saw the train coming, and thought that she had time to get across the track, and would have gotten across except for the fact that she stalled her engine. If she stopped with the front of her car closer to the track than six feet, it was of her own volition. Mrs. Hasting was familiar with this crossing. She had used it many times hauling cotton to the gin in this same pickup. She knew there were no warning lights. We approve of the trial court's ruling that the failure to have lights was not a proximate cause. See also Harris v. Texas & P. Ry. Co., Tex.Civ.App.Eastland 1930, 28 S.W.2d 1093, wr. ref.; United States v. Bowers, 5 Cir., 1953, 202 F.2d 139.

■■ In support of appellants' point 2 (that the trial court erred in failing to grant their motion for a new trial based on jury misconduct) attorney for appellants says that he and attorneys for appellee entered into a stipulation of facts upon the hearing of this motion. However, such stipulation does not appear in the record, nor is there any Statement of Facts on this point in the record. Under these circumstances, this court cannot consider the point. 3-A Texas Jurisprudence 610–611. There was attached to appellants' motion an affidavit by the foreman of the jury, stating that one of the jurors stated his knowledge of the crossing. This might easily constitute misconduct, and it may be that appellants consider that as evidence supporting the motion. However, McCormick & Ray, Texas Law of Evidence, 2d Ed., sec. 394, makes it clear that such affidavit is not proof of the allegations in the motion. Furthermore, the jury found Mrs. Hasting not guilty of contributory negligence.

Finding no error in the judgment of the trial court, same is, in all things, affirmed.