**Madge BUTLER, Appellant,**

v.

**Jackson HAYNES, Appellee.**

**No. 6953.**

Court of Civil Appeals of Texas.

Beaumont.

March 7, 1968.

Adams & Browne, Beaumont, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action for damages arising out of an automobile collision. Trial was by jury, and judgment was rendered by the court upon the issues that plaintiff take nothing. The parties will be referred to here as they were in the trial court.

The jury found the defendant failed to keep a proper lookout, and failed to yield the right-of-way, and negligence and proximate cause. The jury also found that plaintiff failed to keep a proper lookout, failed to yield the right-of-way, negligence and proximate cause. The jury found the collision was not the result of an unavoidable accident and that plaintiff was damaged in the amount of $5,575.00 plus $1,000.00 medical expense and $800.00 damage to an automobile.

The primary point of error in this case is one of jury misconduct by the discussion of insurance. The evidence heard on motion for new trial established beyond question that this misconduct occurred and that it was material. The sole question for this court to determine is whether or not "it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party." Rule 327 Texas Rules of Civil Procedure.

The law is clear in this State that we cannot consider the testimony by the jurors that they *considered* whether or not defendant had insurance, and also that the *consideration* of insurance *affected* their verdict. It is never permissible for a juror to preserve or destroy his verdict by testifying to the mental processes by which he reached his verdict. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462.

Two jurors testified on the motion for new trial. Mrs. Wright testified: While the jury was deliberating, the question as to whether defendant had insurance came up. Two jurors, Mr. Nelson and Mr. Carr, said they didn't think the defendant had insurance and if they gave plaintiff any money, defendant would have to pay it personally. Mr. Carr didn't feel plaintiff

should get any money because he didn't want defendant to have to pay it personally. Mr. Carr didn't feel plaintiff should get any money because he didn't want defendant to have to pay it personally. It was discussed that if defendant had no insurance, she would be having to pay a dead man's debts. (Jackson Haynes, the driver of one of the automobiles, died after the suit was filed, and his wife and estate were substituted as defendants.)

The other juror to testify was W. D. Sistrunk, the foreman, who gave the following testimony: While the jury was discussing its verdict they talked about whether defendant would have to pay any judgment personally or whether or not she was covered by insurance. That if there wasn't any insurance, Mrs. Haynes would have to pay a dead man's debt. He was asked this question and gave this answer:

Q. As the foreman, did you make any attempt to guide the jury along the lines that the case was supposed to be decided on its merits and not whether or not there was insurance?

A. Yes, sir, I did, for the first day and a half of the next day. I certainly did. I said "We are not supposed to talk about that", but along in the afternoon, the last day there, well, it just seemed useless, so I just went along.

■ We have concluded this evidence does not make it reasonably appear that injury probably resulted to the complaining party. There is no indication in the record as to when the discussion as to insurance took place. There is no showing that any juror voted one way on any issue and then following the discussion about insurance, changed his or her vote. The answers by the jury to the issues indicate they were not actually influenced by the mention of insurance. This jury found the defendant to be guilty of two acts of negligence which proximately caused the collision in question. In the normal course of things, if this jury had been influenced by the suggestion that defendant might not have insurance, they would have found that plaintiff suffered no damages, and would not have answered the damage issues as above stated.

The findings by the jury that plaintiff was guilty of two acts of contributory negligence prevent her recovery. The record does not show when these issues were answered in reference to the discussion about insurance, and specifically, it does not show that a juror changed a vote on these vital issues after such discussion. These points of error are overruled.

■ Plaintiff has another point of error related to this jury misconduct. It is argued that the discussion of insurance by the jury violated the court's oral and written instructions given pursuant to Rule 226a T.R.C.P. Paragraph 9 of the written instruction reads as follows:

Paragraph 9 " * * * Do not consider, discuss, nor speculate whether or not any party is or is not protected in whole or in part by insurance of any kind unless evidence about insurance is admitted."

It is plaintiff's position that a party to a suit is entitled to a new trial, as a matter of law, upon proof of a violation of such written instruction, and that no proof of harm need be made. This contention is rejected. We hold that Rule 226a did not affect the requirements under Rule 327 T.R.C.P., and that the law in reference to proof of harm has not been charged.

Affirmed.