Elmer L. COOK, Appellant,

v.

A. V. CHAPA and Lubbock Transit Company, Appellees.

No. 8303.

Court of Civil Appeals of Texas, Amarillo.

March 5, 1973.

Splawn Law Offices, Johnny Splawn, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Cecil Kuhne, and Max Addison, Lubbock, for appellees.

JOY, Justice.

This case involved an automobile collision between a car driven by the plaintiff, Elmer L. Cook, and a bus driven by defendant A. V. Chapa, owned by Chapa's employer, defendant Lubbock Transit Company. This was a jury trial and from an adverse judgment, plaintiff has appealed. Affirmed.

Plaintiff, Elmer L. Cook, was driving his automobile west on 15th Street, a one-way street in Lubbock, Texas. The defendant, A. V. Chapa, was driving Lubbock Transit Company's bus north on Avenue M, another one-way street. The intersection of 15th Street and Avenue M is controlled by an electric traffic signal light. As plaintiff was crossing Avenue M, the defendant Chapa struck the left side of plaintiff's automobile with the front of the bus causing damage to the automobile and bodily injury to the plaintiff. The jury found, in response to special issues, that the defendant Chapa was negligent in that he failed to keep a proper lookout and this breach of duty was a proximate cause of the collision. The jury did not find that Chapa entered the intersection on a red light. The jury further found that the plaintiff was contributorily negligent because he also failed to keep a proper lookout such as would have been kept by a person in the exercise of ordinary care under the same or similar circumstances. Due to the finding of contributory negligence, plaintiff was denied judgment. The parties will be referred to

hereinafter as they appeared in the trial court.

Plaintiff has brought this case here on nine assignments of error. These errors can be broken down into basically three areas. The primary assignment of error alleged by the appellant is misconduct on the part of the jury. Partially, as a result of such misconduct, appellant has also assigned as error that the verdict was contrary to the evidence and the law. The last assignment of error pertains to the fact that one of the jurors was not properly qualified.

■ The plaintiff's contention of jury misconduct is based on the testimony from the hearing on the motion for new trial and several affidavits of different jurors. This court may consider only the testimony from the hearing on the motion for new trial and the affidavits which were introduced into evidence at the hearing. There were several ex parte affidavits attached to the motion for new trial which were not introduced in evidence. These affidavits contained statements which went further in discussing and revealing improper statements made in the jury room, but they cannot be considered for the purpose of establishing the facts therein contained. Lutcher v. Morrison, 79 Tex. 240, 14 S.W. 1010 (1891); Gulf, C. & S. F. Ry. Co. v. Harvey, 276 S.W. 895 (Tex.Comm'n App. 1925, opinion adopted); Hasting v. Texas & Pacific Railway Company, 313 S.W.2d 344 (Tex.Civ.App.—El Paso 1958, no writ); Gulf Oil Corporation v. Walker, 288 S.W.2d 173 (Tex.Civ.App.—Beaumont 1956, no writ); 1 McCormick & Ray, Texas Evidence § 394 (2d ed. 1956).

■ In order for there to be a new trial, there must be a finding of misconduct and, also, an injury which probably resulted to the complaining party from such misconduct. Rule 327, Texas Rules of Civil Procedure. The alleged jury misconduct is based on four separate and specific acts of misbehavior. The plaintiff's first allegation of jury misconduct deals with the conveyance of personal knowledge by one juror to the remaining jurors. Plaintiff contends that one of the jurors conveyed his own personal knowledge concerning the inside structure of a bus and also as to the capability of a bus to be increased in speed within a distance of 100 feet. Plaintiff claims that these facts were not in evidence and were injected through the personal knowledge of one of the jurors. The fact that one juror conveys his own personal knowledge to other jurors does constitute jury misconduct. If, however, evidence offered at the hearing on motion for new trial is conflicting as to whether or not jury misconduct occurred, the decision of the trial court on the question is binding on appeal. Therefore, the trial court's action in passing on the evidence is as binding upon a reviewing court as is the finding of a jury on evidence which is conflicting. Brawley v. Bowen, 387 S.W.2d 383 (Tex.1965); Armstrong v. Callan, 485 S.W.2d 350 (Tex.Civ.App.—Waco 1972, writ ref'd n. r. e.); Gulf Oil Corporation v. Walker, supra.

■ At the hearing on the motion for new trial, there was sufficient conflicting evidence admitted so that this court is bound by the trial court's decision. Gschwend, one of the jurors, testified to the fact that he used the pciture of the bus, introduced in evidence, to determine whether the witness Ravenscraft could see the signal light and then stated to the other jurors that the witness could not see the light. This testimony was corroborated by juror Bartlett in that he stated the picture was discussed in connection with whether or not a passenger could see out of the bus. This testimony raises sufficient conflict with plaintiff's contention that juror Gschwend conveyed personal knowledge concerning the structure of the bus that this court is bound by the trial court's determination. The second alleged conveyance of personal knowledge deals with the increase in speed of the bus. Juror Gschwend testified that he did not state

whether the bus was capable of increasing its speed within the designated space at the time of jury deliberation; instead, he claimed to have said it after the trial was over. Juror Holland testified to the fact that something was said about "goosing the bus and the speed of it," but he did not remember in what context. This raises sufficient conflict with the positive evidence admitted to bind this court to the trial court's determination.

■ The plaintiff's second and third allegations of jury misconduct deal with the jury's considering the effects of its answers and also the discussion of insurance. The court is required to and did instruct the jury as follows: " . . . not to consider, discuss, nor speculate whether or not any party is or is not protected in whole or in part by insurance of any kind unless evidence about insurance is admitted . . . You must not decide who you think should win, and then try to answer the questions accordingly. Simply answer the questions, and do not discuss nor concern yourselves with the effect of your answers." Rule 226a, T.R.C.P. Even though these instructions are required to be given, the fact that they are violated is not sufficient grounds for a new trial. Rule 226a, T.R.C.P., did not affect the requirements under Rule 327, T.R.C.P., to the effect that in addition to misconduct, the fact that injury probably resulted to the complaining party due to that misconduct must be shown. Butler v. Haynes, 426 S.W.2d 642 (Tex.Civ.App.—Beaumont 1968, writ ref'd n.r.e.). Several jurors testified to the fact that all of the negligence issues were answered prior to the statements made concerning either the effects of their answers or insurance. The jury had already found plaintiff contributorily negligent, which renders any discussion of plaintiff's insurance harmless. Butler v. Haynes, supra.

In answer to plaintiff's sixth point of error, concerning a discussion of elderly drivers, there is nothing in the testimony of any of the jurors or in the affidavit to indicate that it was ever discussed during jury deliberation.

■ The appellant's eighth point of error states that, "The trial court erred in failing to grant a new trial for the reason that the verdict of the jury was contrary to both the evidence and the law." The assignment of error in the motion for new trial is no more specific than is the point of error stated in the brief. Generally, such assignments of error are insufficient to preserve any ground of error for review. Rule 322, T.R.C.P., provides, "grounds of objections couched in general terms—as that . . . the verdict of the jury is contrary to law and the like—shall not be considered by the court." The above assignment is of the same character as that condemned as being too general for consideration by Rule 322 and should be treated as waived under Rule 374, T.R.C.P. Middleton v. Middleton, 479 S.W.2d 775 (Tex.Civ.App.—Austin 1972, writ ref'd n. r.e.); Green v. Maxwell, 423 S.W.2d 384 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.); Sumners Road Boring, Inc. v. Thompson, 393 S.W.2d 690 (Tex. Civ.App.—Corpus Christi 1965, writ ref'd n.r.e.). However, from the plaintiff's brief we conclude that plaintiff is contesting the sufficiency of the evidence in regard to the contributory negligence of the plaintiff and we shall consider the point. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478 (1943). The only acts of negligence of the plaintiff found by the jury were his failure to keep a proper lookout and his failure to apply his brakes. Plaintiff's own witness, Ravenscraft, testified that plaintiff was looking "straight ahead" when he entered the intersection. This testimony was corroborated by plaintiff's own statement that he never saw the bus. Plaintiff also testified that the signal light changed from red to yellow to green. A police officer testified that the only yellow light was the one facing the defendant. To enable plaintiff to see that light, he must have been observing the traffic signals facing defendant. The jury might

well have concluded that the plaintiff was not keeping a proper lookout by keeping his eyes on the signal light controlling traffic on defendant's street instead of watching for approaching vehicles. A driver must keep such a lookout for his own safety as a reasonably prudent man would do under the same or similar circumstances. Tips v. Gonzalez, 362 S.W.2d 422 (Tex.Civ.App.—San Antonio 1962, no writ). The finding of a failure to keep a proper lookout pretermits any discussion of plaintiff's failure to apply his brakes.

The appellant assigns as his last point of error that the trial court erred in failing to grant a new trial for the reason that one of the jurors was never properly qualified. Juror Gschwend testified that he reported into the Central Jury Room and asked the judge if he could leave for a few minutes to go to City Hall. He was excused for a period of fifteen to twenty minutes. When Gschwend returned to the Central Jury Room, he was given a form to fill out with his name, address, occupation and other personal data. He completed the form but was never duly sworn by the judge in the Central Jury Room. He was then sent to the 140th District Court with the other jurors. Juror Gschwend also testified that on voir dire examination by plaintiff's and defendant's counsel that he answered all questions truthfully to the best of his knowledge and ability. He was duly sworn in as a juror and took the oath to return a true verdict in the case. Although the juror should have been sworn prior to the voir dire, in the absence of some showing that the appellant was harmed by such failure to administer the oath, there is no showing that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Strickland v. City of Friona, 294 S.W.2d 254 (Tex.Civ.App.—Amarillo 1956, writ ref'd n. r. e.).

All points of error are overruled and the judgment of the trial court is affirmed.