MOODY HOUSE, INC., Appellant and Cross-Appellee,

v.

GALVESTON COUNTY, et al, Appellees and Cross-Appellants.

No. C14-84-308CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 14, 1985.

Rehearing Denied March 21, 1985.

Thomas McQuage, Galveston, for appellant and cross-appellee.

Elmo M. Johnson, Ronald Plackemeier, Harvey Bazaman, Galveston, for appellees and cross-appellants.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

SEARS, Justice.

This case concerns limited appeals by both parties and involves the attempted use of Rule 428 to supplement Appellant's record to include matters material to Cross-Appellants' points of error.

On January 7, 1982, Moody House, Inc. (Moody or Appellant) filed suit against the County of Galveston, the Galveston County Appraisal District, and C.R. Johnson, Tax Assessor-Collector of Galveston County and Chief Appraiser for the Galveston County Appraisal District. In turn, the County of Galveston impleaded the City of Galveston, Galveston Independent School District, Galveston County Navigation District No. 1, and Galveston College. (All of these parties will hereinafter be referred to as Galveston County or Cross-Appellants). Appellant sought a declaratory judgment to establish its status as a charitable organization, exempt from ad valorem taxation for the years 1978 through 1982 under the provisions of TEX.CONST. art. VII, § 2, TEX.REV.CIV.STAT.ANN. art. 7150, §§ 7 and 27 [1], and TEX.TAX CODE ANN. § 11.18 (Vernon 1982). Galveston County counterclaimed, seeking payment of taxes allegedly due for the years in question.

After a non-jury trial, the court held that Moody House, Inc. was entitled to exemption from taxation for the years 1978 through 1981. However, it denied Moody's exemption from taxation as a charitable organization for the year 1982, due to its failure to comply with the administrative provisions and remedies set out in Chapters 41 and 42 of the Property Tax Code. Galveston County was awarded judgment in the sum of $204,705.11 on its counterclaim for delinquent taxes due for 1982. Both Moody House and Galveston County appeal from the judgment rendered in the court

1. Acts 1979, 66th Leg., ch. 841, repealing this article, enacts the Property Tax Code, constitut-ing Title 1 of the Tax Code.

below. We reverse in part and affirm in part.

In order to more efficiently dispose of this case, we will first address Cross-Appellants' "Motion to Supplement the Statement of Facts" which we have taken for consideration along with the appeal. We will summarize the sequence of events for clarity. On February 2, 1984, the judgment of the trial court was signed. On February 16, 1984, Appellant filed its Notice of Limited Appeal. On March 13, 1984, Appellant timely requested the preparation of a partial statement of facts, TEX.R. CIV.P. 377(d), designating matters pertinent to its points of error. Appellant also included a statement of the points of error it would rely upon in this appeal. Within ten days thereof, Cross-Appellants did not file a designation of additional portions of the evidence to be included, as required by the same rule. In fact, on April 13, 1984, Cross-Appellants filed their own Notice of Limited Appeal. On May 10, 1984, it requested that the court reporter prepare additional portions of the statement of facts to support this separate appeal. The time for filing a transcript and statement of facts in this Court, pursuant to TEX.R. CIV.P. 386, expired on May 14, 1984. At no time did Cross-Appellants file a Rule 21c motion for extension of time to file *their* record. On June 11, 1984, Cross-Appellants filed their brief, alleging four points of error. On July 16, 1984, *at least two months after the record was required to be filed,* they filed a "Motion to Supplement the Statement of Facts." In the motion, Cross-Appellants asked that this Court allow a supplemental statement of facts to be filed, containing the following:

1. The testimony of N. Joe Helms.

2. The testimony of Robert Boening.

3. Exhibits offered in the course of testimony of N. Joe Helms and Robert Boening.

Cross-Appellants also stated in their motion that the information requested (1) was material, (2) was requested timely (but the court reporter was unable to prepare it

prior to the time the motion was filed), and (3) would not cause delay.

 It is apparent that Cross-Appellants intended to file their record under TEX.R.CIV.P. 428, which provides:

> If anything material to either party is omitted from the transcript or statement of facts, the parties by stipulation, or the trial court, either before or after the record has been transmitted to the appellate court, or the appellate court, on a proper suggestion or on its own initiative, may direct a supplemental record to be certified and transmitted by the clerk of the trial court or the official court reporter supplying such omitted matter. If the appellate court deems the omitted matter material, it shall permit it to be filed unless the supplementation will unreasonably delay disposition of the appeal.

Under this rule, it is clearly within the power of this court to permit a party to file a supplemental record before submission of the case, if it can be shown that the omitted matter is material to the disposition of the case on appeal. *See Goldsmith v. Stephenson,* 634 S.W.2d 331 (Tex.App.—Dallas 1982, no writ); TEX.R.CIV.P. 428. However, we do not believe this rule allows a party seeking to appeal from a court's judgment to disregard TEX.R.CIV.P. 5, 386, or 21c. The courts have consistently held we may not extend the time for filing the transcript and the statement of facts, except in compliance with Rule 21c. *B.D. Click Co., Inc. v. Safari Drilling Corp.,* 638 S.W.2d 860 (Tex.1982). We can find no authority, and Cross-Appellants cite none, for using Rule 428 to extend time for filing the record on appeal.

Cross-Appellants filed their notice of an *independent* appeal on April 13, 1984, approximately two months after Appellant filed its own Notice of Limited Appeal. They filed a timely cost bond on May 2, 1984, then made their first request to the court reporter for a statement of facts on May 10, 1984, only four days before the record was due to be filed. Their first motion to file this statement of facts was

dated July 16, 1984, more than five months after the judgment was signed. More important, the statement of facts Cross-Appellants seek to file contains no information material to the points of error cited by Appellant or which would aid this court in ruling on *that* appeal. To the contrary, all testimony contained therein relates solely to those points presented by Cross-Appellants in their separate appeal.

We hold the appeals of the parties are separate, and based on different points of error, each requiring compliance with the pertinent rules. The Cross-Appellants cannot rely on Appellant's record to support Cross-Appellants' points of error unless that record is complete as to Cross-Appellants' appeal. We, therefore, overrule Cross-Appellants' "Motion to Supplement the Statement of Facts." In the absence of the statement of facts, this court must presume that there was sufficient evidence to support the trial court's findings. *Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.1968); *Restrepo v. Barrios*, 603 S.W.2d 377 (Tex.Civ.App.—Waco 1980, no writ). We further overrule all of Cross-Appellants' points of error.

We now address the argument of Appellant. In points of error one and two, Appellant contends the trial court erred in finding that it is barred from asserting its tax exempt status for 1982 on the ground that it failed to pursue its administrative remedies pursuant to Chapters 41 and 42 of the Property Tax Code. It claims the evidence conclusively establishes that the Chief Appraiser for the Galveston County Appraisal District took no action that required Appellant to pursue administrative remedies. We agree.

On January 7, 1982, Moody filed suit in the district court of Galveston County, seeking a declaratory judgment establishing its status as a charitable organization, exempt from ad valorem taxation, plus a permanent injunction to prevent Galveston County from assessing, levying, and collecting taxes for the years 1978 and all subsequent years. On April 27, 1982, Moody submitted its application for tax exemption for the year 1982 to William F. Ryan, Manager of the Tax Assessor's office for Galveston County. The record indicates that at the time the application was submitted, Appellant's attorney, Mr. Greer, and Mr. Ryan discussed the fact that there was no evidence that Moody House was a charitable organization nor had Moody submitted any supporting documentation to the tax assessor's office to show such status. However, on that same day, following this discussion, Mr. Ryan sent a letter to Mr. Greer, stating:

> Your application for tax exempt status on Moody House, Inc. is received for 1982. *Please be advised that approval or disapproval is being held in abeyance pending outcome of the court suit in progress.* (Emphasis added.)

After receiving the letter from Ryan, Moody took no further action on its 1982 tax exemption until the time of trial.

TEX.TAX CODE ANN. § 11.45 (Vernon 1982) provides:

(a) The chief appraiser shall determine separately each applicant's right to an exemption. After considering the application and all relevant information, the chief appraiser shall, as the law and facts warrant:

(1) approve the application and allow the exemption;

(2) modify the exemption applied for and allow the exemption as modified;

(3) disapprove the application and request additional information from the applicant in support of the claim; or

(4) deny the application.

(b) If the chief appraiser requests additional information from an applicant, the applicant must furnish it within 30 days after the date of the request or the application is denied. However, for good cause shown the chief appraiser may extend the deadline for furnishing the information by written order for a single period not to exceed 15 days.

(c) The chief appraiser shall determine the validity of each application for exemption filed with him before he sub-

mits the appraisal records for review and determination of protests as provided by Chapter 41 of this code.

(d) If the chief appraiser modifies or denies an exemption, he shall deliver a written notice of the modification or denial to the applicant within five days after the date he makes the determination. He shall include with the notice a brief explanation of the procedures for protesting his action.

The trial court held that the Chief Appraiser's failure to make any ruling pursuant to Section 11.45 constituted a denial of Moody's exemption. As a result, Moody's failure to pursue its administrative remedies for protesting such "ruling" barred it, pursuant to Section 42.09 of the Property Tax Code, from raising its defense of exemption from taxes for tax year 1982.

 We find no evidence in the record to support the trial court's finding that Galveston County's failure to act on Moody's application for exemption was, in effect, a denial of its request. The evidence conclusively establishes that Galveston County expressly postponed any determination of Moody's application until the conclusion of the trial in question. In addition to the April 27th letter to Appellant stating that its application was not denied, but would be "held in abeyance" until the completion of the lawsuit, Ryan made the following comment when questioned at trial:

> I use the words "held in abeyance". I didn't say that it was, that it is in effect a denial if you would, . . . ."

Appellees attempt to persuade us that once an application has been submitted to the taxing authorities pursuant to § 11.43 of the Tax Code, the Chief Appraiser must approve, modify, disapprove, or deny the application, and any attempt to defer a decision would be unauthorized and a violation of § 11.45(c). We find no merit in this contention. While § 11.45(c) does require the Chief Appraiser to act upon the taxpayer's application before submitting the records for review and determination of protests, we find nothing in the statute to preclude the Chief Appraiser from postponing his determination of an applicant's tax exempt status pending the outcome of other proceedings. We do not believe such action would be in derogation of the requirements set forth in § 11.45. Appellees cannot seriously argue that, after clearly stating their intent to take no further action on the application pending the outcome of this lawsuit, it was incumbent upon Moody House to conclude that such was a denial (or disapproval) of its request, necessitating the filing of a written notice of protest. To so find would produce a harsh and unjust result. Therefore, we sustain Appellant's points of error one and two.

The trial court's judgment reads in part, "Moody House satisfied the requirements of Article VII § 2 of the Constitution and § 11.18 of the Property Tax Code regarding its entitlement to exemption for 1982 *and would have been entitled to so qualify for exemption from taxation* but, as hereinafter shown failed to adequately pursue its remedies. . . ." (Emphasis added.)

We therefore reverse the portion of the trial court's judgment holding that Appellant failed to adequately pursue its remedies, and we render judgment that Appellant is entitled to exemption from taxation for the year 1982.

We affirm the remainder of the trial court's judgment.