**ROBINSON ELECTRIC SUPPLY COMPANY, Appellant,**

v.

**CADILLAC CABLE CORPORATION, Appellee.**

No. B14–85–281–CV.

Court of Appeals of Texas, Houston (14th Dist.)

Jan. 30, 1986.
Rehearing Denied March 13, 1986.

Herbert Gee, Bellaire, for appellant.

Larry Huelbig, Houston, for appellee.

Before PAUL PRESSLAR, MURPHY and DRAUGHN, JJ.

## OPINION

MURPHY, Justice.

Appellant, Robinson Electric Supply Company, brings this appeal to challenge the trial court's denial of a motion for new trial on the basis of alleged jury misconduct. Appellant claims through three points of error that the trial court erred: 1) in denying appellant a new trial for reason of jury misconduct; 2) in ruling that the matter of jury misconduct raised by appellant's motion for new trial did not entitle appellant to elicit testimony of jurors regarding the matter of jury misconduct; and 3) in awarding appellee a judgment which included prejudgment interest. We find no error and affirm.

This appeal involves a suit on a sworn account. Appellee, Cadillac Cable Corporation (plaintiff below), brought suit against appellant, Robinson Electric Supply Company, alleging that certain sums were due and owing under various accounts. Trial was by jury, and in response to special issues the jury answered that appellant owed appellee the sum of $27,029.17 as a result of the disputed claim. Appellant thereafter made a motion for new trial on the basis of alleged jury misconduct and improper award of prejudgment interest. In its motion for new trial appellant incorporated by reference the affidavit of one of the jurors. According to the affidavit, the jury initially determined the amount owed by appellee on the disputed claim to be the sum of $15,337.44. The affidavit further stated that the jury then calculated prejudgment interest on $15,337.44 and ultimately arrived at the sum of $27,029.17, the amount awarded to appellee in the court below. After considering the foregoing, appellant's motion for new trial was denied by the court below.

In points of error one and two, appellant alleges that the trial court erred in refusing to grant its motion for new trial on the basis of alleged jury misconduct and in ruling that the matter raised by the motion did not entitle it to elicit testimony of the jurors regarding the matter of alleged misconduct. The misconduct is alleged to have occurred when the jury considered and then calculated prejudgment interest during deliberations. It is appellant's contention on appeal that there was no evidence of any nature before the jury regarding the issue of prejudgment interest and that in any event such determination is to be made by the court. Appellant contends on appeal that consideration of matters not in evidence constitutes an "outside influence" under Rule 327(b) of the Texas Rules of Civil Procedure, and that it was therefore entitled to elicit the testimony of jurors for the purpose of proving that the alleged misconduct did, in fact, occur.

■ The Texas Rules of Civil Procedure as amended effective April 1, 1984, and the Texas Rules of Evidence as codified effective September 1, 1983, both prohibit jurors from testifying about matters or statements which have occurred during the course of jury deliberations. TEX.R. CIV.P. 327(b); TEX.R.EVID. 606(b). Both Rules provide in pertinent part:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's

deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, *except that a juror may testify whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.* TEX.R.EVID. 606(b). (Emphasis added). Under both of these rules, all testimony, affidavits, and other evidence is *excluded* from consideration by the court when an issue as to jury misconduct is raised *unless* it is shown that an "outside influence was improperly brought to bear upon any juror." TEX.R.CIV.P. 327(b); TEX.R.EVID. 606(b). Limiting a juror's testimony and other evidence to the sole issue of whether an "outside influence" improperly affected a juror during deliberations is a significant change from the prior practice in jury misconduct cases. Under former Rule 327(b), effective until April 1, 1984, a juror was permitted to testify as to matters and statements, or "overt acts", which occurred during deliberations. *See Flores v. Dosher*, 622 S.W.2d 573, 575 (Tex.1981); *Trousdale v. Texas & New Orleans Railroad*, 264 S.W.2d 489, 492 (Tex.Civ.App.—San Antonio 1953), *aff'd*, 154 Tex. 231, 276 S.W.2d 242, 243 (1955). Under the former rule, only the actual mental processes of the jurors were excluded from consideration. *Strange v. Treasure City*, 608 S.W.2d 604, 606 (Tex.1980). Now, however, under the new rule a party can only inquire into whether an "outside influence" affected the deliberations, and all testimony, affidavits, and evidence are limited to this issue. TEX.R.CIV.P. 327(b); TEX.R. EVID. 606(b).

■ Applying the new test to this appeal, it is clear that there was no jury misconduct as defined by the new rules. Nowhere in its brief does appellant assert that the "inspiration" for the addition of prejudgment interest to appellee's award came from any source *other than* the jurors themselves. Appellant states in its brief that "through the suggestion of one of the jurors" an additional sum was added to appellee's award as interest. This is exactly the type of matter that Rule 327(b) was designed to protect—all matters or statements occurring during the course of deliberations *except* those resulting from an "outside influence." TEX.R.CIV.P. 327(b); TEX.R.EVID. 606(b). Having failed to allege and prove the existence of an "outside influence" as required by Rules 327(b) and 606(b), appellant's first point of error is overruled.

■ In its second point of error, appellant asserts that the trial court erred in refusing to permit it to elicit testimony of jurors regarding the matter of jury misconduct. As stated above, Rule 327(b) expressly excludes testimony, affidavits, and other evidence on the issue of jury misconduct *unless* there is proof that some "outside influence" affected the jury deliberations. TEX.R.CIV.P. 327(b). Since appellant has presented no admissible evidence of the fact that the alleged misconduct resulted from any source other than the jurors themselves, appellant's second point of error is also overruled.

■ While it is clear that Rule 327(b) as written will result in occasional inequities and monetary windfalls in some cases, it is equally clear that the Rule has been designed to insulate most of the deliberation process from scrutiny. Certainly it is desirable to promote full discussion during deliberations and to reduce juror harrassment. However, the change in the law effected by the new Rule "... has generated controversy because it theoretically insulates serious jury misconduct from exposure." Black, *Article VI: Witnesses*, 20 HOUS.L.REV. 418–19 (1983 Tex.R.Evid. Handbook). Important in interpreting the Rule, however, is the fact that the Texas Supreme Court expressly deleted the proposal by the Rule's drafters in the Liaison Committee that Rule 327(b) also allow testimony on whether "extraneous prejudicial

information was improperly brought to the jury's attention." *Black, supra,* at 422. This inquiry is permitted by Federal Rule of Evidence 606(b), and yet the Texas Supreme Court expressly chose to delete this apparently more liberal test for jury misconduct and instead opted for the more stringent "outside influence" test.

In its third point of error, appellant asserts that the trial court erred in awarding appellee prejudgment interest. Appellant argues that there was no finding by the jury as to the date that the claim became due since appellee did not submit an issue on that point. It is appellant's contention, therefore, that it was error for the trial court to award prejudgment interest from January 1, 1980, to the date that the judgment was entered, January 21, 1985.

 Appellant has chosen not to file a statement of facts in this case, therefore all presumptions as to the evidence must be in support of the judgment. *Huber v. Ryan,* 627 S.W.2d 145 (Tex.1981); *Moody House, Inc. v. Galveston County,* 687 S.W.2d 433, 436 (Tex.Civ.App.—Houston [14th Dist.] 1985, no writ). Thus it must be presumed that the trial court found that there was no dispute as to the date when the accounts were due and payable. Under these circumstances the general rule is that where there is no dispute as to date, "... the plaintiff's right to prejudgment interest does not depend upon the resolution of any fact issues. Consequently, a simple prayer for interest provides fair notice of the claim for relief." *Black Lake Pipe Line Co. v. Union Construction Co.,* 538 S.W.2d 80, 96 (Tex.1976). In this case appellee, as plaintiff below, requested prejudgment interest in its prayer and set the date from which it should be paid as January 1, 1980. This was done in accordance with Article 5069–1.03 prior to its amendment and under which prejudgment interest was set at 6% on all open accounts from the first day of January *after* the accounts are made. TEX.REV.CIV.STAT.ANN. art. 5069–1.03 (Vernon 1971). Appellee's prayer was not later updated to comply with the new statute, therefore when the date set out in the

final judgment was mistakenly computed under the new statute (as June 15, 1979), counsel for *both* appellant and appellee initialled a correction so as to conform with appellee's original pleadings. In view of the foregoing, appellant's third point of error is overruled.

The judgment of the trial court is affirmed.

DRAUGHN, Justice, concurring.

I reluctantly concur with the majority's decision. However, I wish to record my opinion that the amended jury misconduct rules, although well intentioned, represent something of a backward step in our continual pursuit of an improved judicial system.

In every jury trial the judge is required to admonish the jury that in rendering a verdict they *must not* consider (1) any evidence other than that admitted; (2) attorney's fees unless evidence about attorney's fees is admitted; (3) whether either party is protected in whole or in part by insurance, and (4) personal experiences or special information. The judge further instructs the jury that Texas law permits proof of any violation of the jury conduct rules and that a juror may be called upon to testify in open court about acts of misconduct. These admonishments are furnished to the jurors in writing and read aloud to them by the trial judge. TEX.R.CIV.P. 226a.

Prior to the adoption of the new rules of evidence, to obtain a new trial on the basis of jury misconduct, the complaining party had to show:

(1) that the misconduct occurred,

(2) that it was material, and that

(3) based on the record as a whole, the misconduct probably resulted in harm.

*Redinger v. Living, Inc.,* 689 S.W.2d 415, 419 (Tex.1985); TEX.R.CIV.P. 327 (Vernon 1977) (amended April 1, 1984). In determining whether the complaining party had met his burden, only the overt acts of the jury could be considered, and any testimony concerning the mental processes of the

jury had to be disregarded. *Strange v. Treasure City,* 608 S.W.2d 604, 606 (Tex. 1980).

Although the three prong test does not appear harsh, a large majority of complaining parties were not successful in obtaining new trials. One reason for this was that Rule 327 required courts to examine the record as a whole before determining whether the misconduct necessitated reversal. *See, e.g., Triangle Cab Co. v. Taylor,* 144 Tex. 568, 192 S.W.2d 143 (Tex.1946); *Sanchez v. Texas Employer's Ins. Assoc.,* 618 S.W.2d 837 (Tex.Civ.App.—Amarillo 1981, no writ); *Albertson's Inc. v. Mungia,* 602 S.W.2d 359 (Tex.Civ.App.—Corpus Christi 1980, no writ).

Critics of the rules charged that the abstract distinctions between *overt acts* and *mental processes* made the rule difficult to administer. Pope, *The Mental Operations of Jurors,* 40 Texas L.Rev. 849, 853 (1962). Additionally, as allegations of jury misconduct became a favorite strategy for unvictorious attorneys to obtain a retrial, the goal of verdict finality grew elusive. *See generally* Boyd, *The Current State of Jury Misconduct Claims in Texas Civil Cases,* 21 S.TEX.L.J. 23 (1980). Critics also pointed out that the Supreme Court rarely reversed cases on the basis of jury misconduct and when appellate courts did reverse, the reasoning was obscure and the cases difficult to reconcile. Black, *Article IV: Witnesses,* 20 HOUS.L.REV. 1, 419–421 (1983).

Effective September 1, 1983 and April 1, 1984 the jury misconduct rules were amended. See TEX.R.EVID. 606(b) and TEX.R.CIV.P. 327(b) quoted in full by the majority. The amended rules prohibit jurors from testifying about matters or statements which have occurred during the course of jury deliberations. The only exception to the prohibition of jury testimony regarding the deliberation process is testimony as to "outside influence." It is my contention that the rules are inadequate for two reasons:

(1) 'outside influence' is not defined rendering the rule vague and susceptible to varying interpretations, and

(2) it precludes judicial inquiry from weighing the impact of inappropriate and impermissible jury discussion.

The Advisory Note to the Federal Evidence Rules, upon which 606(b) is modeled, makes an effort, albeit weak, to define by example 'outside influence':

[A] juror is recognized as competent to testify to statements by the bailiff or the introduction of a prejudicial newspaper account into the jury room ...

The glaring defect of the amended rules, even supplemented by the Federal Advisory Notes, is that no meaningful definition of 'outside influence' has been proposed. The significance of this omission is best illuminated through example. If a bailiff tells a juror, "Attorney 'X' consistently charges his clients one third of their recovery," the Federal Advisory Committee *would permit judicial inquiry.* If a juror, who has a sister who practices personal injury law, informs his fellow jurors that attorneys routinely take a one-third share of their clients recovery, *inquiry into this discussion is probably precluded.* Situations may arise where the event is more difficult to categorize. For example, in many cases the jury has the authority to award reasonable attorney fees to the prevailing party. If the court reporter grins when one party is introducing evidence on the fees incurred, but grimaces when opposing counsel offers similar evidence, is this communication admissible under the amended rules? I submit that the present rules, at the very least, need to be revised to include some instruction on what constitutes an 'outside influence.'

Proponents of the amended statutes contend that the new rules represent an improvement over prior Texas practice. They submit that 606(b) and 327(b) will promote verdict finality and operate as an obstacle to the wholesale review of jury deliberations. Black, *Article VI: Witnesses,* 20 HOUS.L.REV. 1, 424–421 (1983). I entertain no doubt that the amended rules will accomplish that objective; I do question the

worthiness of the goal. The importance of the right to a fair trial should not be subordinated to the desires for judicial economy and easy administration of the law.

In the case at bar the jury discussed prejudgment interest, a matter outside the evidence but not considered to be an "outside influence." They then added $11,-691.73, calculated as interest, to the verdict. As no inquiry may be made into this impermissible jury discussion, we are forced to affirm the trial court's denial of appellant's motion for new trial. Had previous law been in effect, the three prong test probably would have been satisfied and a new trial granted.

Every trial judge instructs the jury to consider *only* the evidence. The amended rules tend to render this instruction meaningless. A rule not enforced is not a rule; it is merely a suggestion. The amended misconduct rules incorrectly focus on the source of the impermissible discussion, rather than on the impact of the same. There is no quarrel with the fact that the old law led to inconsistent results. However, at the very least, the old law authorized inquiry. In short, I suggest that the solution may be worse than the problem.