Jose Santos G. SOLIZ, Individually and on Behalf of His Deceased Wife, Hortencia Y. Soliz, and on Behalf of His Deceased Daughter, Isabel Soliz, and as Next Friend for Carlos Soliz, Oscar Soliz, Jose Santos Soliz, and Maricio Soliz, all Minors, and Esmeralda Soliz, Appellants,

v.

Mario L. SAENZ, et al., Appellees.

No. 13–89–090–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 26, 1989.

Rehearing Denied Nov. 30, 1989.

Benjamin Sley, Law Office of Benjamin Sley, Corpus Christi, for appellants.

Margery Huston, White, Huseman, Pletcher & Powers, Roland L. Leon, Portia J. Bott, Thornton, Summers, Biechlin & Dunham, Corpus Christi, John Milano, Jr., Thornton, Summers, Biechlin, Dunham, San Antonio, for appellees.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a dram-shop suit which members of the Soliz family sought recovery for wrongful death and survival damages. The suit arose from an automobile collision in which Hortencia and Isabel Soliz were killed when their vehicle was allegedly struck by a vehicle driven by Mario Saenz. Appellants, the surviving family members of the decedents, sued Saenz and Waterstreet, Inc., the business

where Saenz allegedly consumed alcohol prior to the collision. The jury found that Saenz' negligence proximately caused the collision and assessed actual damages in the amount of $500,000.00. The jury, however, answered the liability issues concerning Waterstreet, Inc. negatively.

Appellants filed a motion for new trial alleging jury misconduct. In support thereof, they attached the affidavits of two jurors, Sergio Alegria and Wanell Owens. Waterstreet filed a motion to quash the affidavits and testimony. At the motion for new trial hearing, appellants offered to present the testimony of the two affiants, and they also offered to present the testimony of juror Dorothy Kelly. The trial court granted Waterstreet's motion to quash and refused to admit the proffered testimony. The trial court denied appellants' motion for new trial whereupon the appellants made a bill of exceptions containing the three jurors' testimony. By a single point of error, appellants complain of the trial court's denial of a new trial in seven allegations of outside influence upon the jury:

1. The jury discussed Waterstreet's interior noise level which was not in evidence;

2. two jurors did not answer voir dire questions truthfully, did not follow the law, did not follow their oath of office as jurors and officers of the court, and had preconceived and prejudicial attitudes which they failed to discuss;

3. the jury discussed Saenz' insurance;

4. the jury did not follow the law concerning the issue of gross negligence;

5. the jury improperly determined damages;

6. the jury improperly determined Hortencia Soliz' survival damages; and

7. the jury foreman misstated appellants' burden of proof concerning the phrase: "should have known."

■ Both the Texas Rules of Civil Procedure and the Texas Rules of Evidence prohibit jurors from later testifying about matters and statements that occurred during the course of their deliberations. Tex.

R.Civ.P. 327(b) and Tex.R.Civ.Evid. 606(b). Rule 327(b) provides:

b. A juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict concerning his mental processes in connection therewith, except that a juror may testify whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

Rule 327(b) closely tracks the language of Rule 606(b) which addresses the competency of jurors to testify concerning the validity of a verdict. Rule 606(b) provides:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

Under both of these rules, all testimony, affidavits, and other evidence is excluded from consideration by the court when an issue regarding jury misconduct is raised *unless* it is shown that an "outside influence was improperly brought to bear upon any juror." Tex.R.Civ.P. 327(b); Tex.R. Civ.Evid. 606(b); *Kendall v. Whataburger, Inc.*, 759 S.W.2d 751, 755 (Tex.App.—Houston [1st Dist.] 1988, no writ).

■ The phrase "outside influence" is not defined by our rules, but the term has been construed by the courts. Texas appellate courts agree that an outside influence

must emanate from *outside* the jury and its deliberations. *King v. Bauer*, 767 S.W.2d 197, 198 (Tex.App.—Corpus Christi 1989, writ denied); *Baley v. W/W Interests, Inc.*, 754 S.W.2d 313, 316 (Tex.App.—Houston [14th Dist.] 1988, writ denied); *Robinson Electric Supply Co. v. Cadillac Cable Corp.*, 706 S.W.2d 130, 132 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r. e.); *Clancy v. Zale Corp.*, 705 S.W.2d 820, 829 (Tex.App.—Dallas 1986, writ ref'd n.r. e.). An "outside influence" does not include information not in evidence, unknown to the jurors prior to trial, acquired by a juror and communicated to one or more other jurors between the time the jurors received their instructions from the court and the rendition of the verdict. To constitute "outside influence," the source of the information must be one who is outside the jury, i.e., a non-juror, who introduces the information to affect the jury's verdict. Information gathered by a juror and introduced to the other jurors by that juror, even if the information were introduced specifically to prejudice the vote, does not add up to outside influence. *Baley*, 754 S.W.2d at 316. Therefore, a motion for new trial must allege and later prove that "outside influences" were brought to bear upon the jury. *Weaver v. Westchester Fire Insurance Co.*, 739 S.W.2d 23, 24 (Tex.1987). Appellants failed to meet this burden.

In the instant case, Saenz testified that while patronizing the Waterstreet Oyster Bar, he was intoxicated and spoke in a loud voice. According to appellants' proffered testimony and affidavits, juror Adkins, during deliberations, allegedly inquired if other jurors had been to the Waterstreet Oyster Bar. Adkins allegedly informed the other jurors about the high noise level inside the Waterstreet Oyster Bar. At least five other jurors agreed. One juror stated that at the Waterstreet Oyster Bar, a person had to holler in order to be heard. Adkins also allegedly described Waterstreet's interior. Appellants argue that these comments are harmful and constitute jury misconduct and outside influence because the record contains no evidence pertaining to Waterstreet's noise level. Ap-

pellants contend that due to Saenz' loud voice, Waterstreet's employees either knew or should have known that he was intoxicated. Adkins' comments diluted appellants' evidence that Saenz' loudness was a factor in determining whether Waterstreet's employees knew or should have known he was intoxicated. According to appellants, at least three jurors, after hearing these comments, changed their votes in Waterstreet's favor.

Appellants cite two additional instances, during deliberations, where the jury relied on their personal experiences. Adkins allegedly stated that he had received, apparently without request, extra alcohol in his drinks at Waterstreet. Juror Hefte allegedly remarked that she had left bars while intoxicated but that did not make the bar guilty.

■ We hold that these comments relate to the jury's mental processes and are clearly evidence of statements and matters occurring during the course of deliberations. Although this violates the trial court's instructions and we do not approve of this behavior, a juror's injection of his own personal experiences, knowledge or expertise is a matter which emanates from *inside* the jury and will not be considered an "outside influence" upon the jury. *Kendall*, 759 S.W.2d at 755 (juror, who was a paralegal, told other jurors that plaintiffs would recover the damages assessed even though they found no negligence or proximate cause); *Baley*, 754 S.W.2d at 315–16 (two jurors visited the scene of the occurrence giving rise to the suit and told the other jurors their experiences and knowledge which they acquired); *Baker v. Wal-Mart Stores, Inc.*, 727 S.W.2d 53, 54–56 (Tex.App.—Beaumont 1987, no writ) (a juror, who was a nurse, told other jurors that the medication plaintiff was taking could have made the plaintiff drowsy, causing a fall).

Appellants also contend that both Adkins' and Hefte's comments during deliberations indicate that they did not follow the law relating to liquor licensee liability. Appellants point to Adkins' remarks that he received extra alcohol in his drinks at Wat-

erstreet and that he had left bars while intoxicated. He also allegedly stated that he knew Waterstreet was liable. Nevertheless, he voted in Waterstreet's favor. Appellants also point to Hefte's comment that she, too, had left bars while intoxicated but that this did not make the bar guilty.

During voir dire, the trial judge asked prospective jurors if they could listen to the evidence and apply the law to the facts. The prospective jurors did not respond. Appellants' counsel asked them if having eaten at the Waterstreet would affect their ability to sit in judgment and consider the facts and the evidence. In response, the prospective jurors shook their heads. Appellants contend that because Adkins and Hefte did not follow the law, their answers to these voir dire questions were not truthful. Appellants also state that Adkins and Hefte failed to disclose their biases and prejudices.

 In certain circumstances, failure to disclose biases and prejudices during voir dire examination can amount to jury misconduct not affected by Rules 327(b) and 606(b). For instance, when a party discovers that a juror lied about a matter which reveals that the juror was clearly biased or prejudiced, this could amount to jury misconduct. *See General Accident Fire and Life Assurance Corp. v. Coffman*, 326 S.W.2d 287, 291–92 (Tex.Civ.App. —Waco 1959, writ ref'd n.r.e.). In the instant case, however, appellants do not show proof of concealment obtained outside the jury or its deliberations; rather, they use portions of the jury's deliberations to show that two jurors failed to answer honestly during voir dire. Evidence emanating from inside the jury's deliberations tending to show that a juror was biased and prejudiced is not admissible and is, therefore, not a ground for a new trial. *See Baker Marine Corp. v. Weatherby Engineering Co.*, 710 S.W.2d 690, 692–93 (Tex.App.—Corpus Christi 1986, no writ). In order for false answers given during voir dire examination to entitle a party to a new trial, there must be a concealment by a juror in response to a specific and direct question calling for disclosure. Catch-all questions do not meet the requirement of specificity. *Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768, 851 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. denied*, 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988). We conclude that both appellants' and the judge's questions, posed to the prospective jury panel, which included Hefte and Adkins, did not call for a specific and direct disclosure and were merely "catch-all" questions.

 Appellants contend that they are entitled to a new trial because the jury discussed Saenz' insurance coverage. However, our law is clear that discussion of insurance coverage is not an outside influence. *Weaver*, 739 S.W.2d at 24–25; *Moon v. Firestone Tire & Rubber Co.*, 742 S.W.2d 792, 793 (Tex.App.—Houston [14th Dist.] 1987, writ denied). Furthermore, appellants presented no evidence that any jury discussion of insurance, or lack thereof, had any influence on the jury finding of no liability on the part of Waterstreet. Therefore, there was no showing that the jury engaged in misconduct that was material and probably caused injury to appellants. *See* Tex.R.Civ.P. 327.

 Appellants present two allegations that the jury failed to follow the law pertaining to "gross negligence" and that the foreman instructed the jury that appellants failed to prove that Waterstreet's bartender knew Saenz was drunk. The foreman allegedly instructed the other jurors that "gross negligence" means that Saenz had to have the sole intention of killing the decedents. The foreman allegedly said that Saenz did not have that intention. Furthermore, juror Owens was allegedly intimidated by the foreman when he threw the jury instructions down the table and told her to read them. In *Clancy*, the Court stated that a failure to properly understand or apply the trial court's charge is not jury misconduct. *Clancy*, 705 S.W.2d at 829. Moreover, Rule 606(b) bars testimony by any juror concerning matters or statements occurring during the course of jury deliberations, except for testimony that "any outside influence was improperly

brought to bear upon any juror." Here, the foreman's conduct and statements do not fall within the exception.

■ Appellants complain about how the jury proceeded to award damages. They argue that the affidavits reflect an inappropriate method of determining damages by deciding a lump sum figure and then adjusting the various elements of damages accordingly. They also complain about some comments allegedly made by the foreman regarding Hortencia Soliz' survival damages. They allege that the jury incorrectly considered the amount awarded to Hortencia Soliz' husband in assessing her damages. In Texas, jurors cannot impeach a verdict by testifying about the mental processes of the jurors regarding how they arrived at their answers on the damage issues. *H.E. Butt Grocery Co. v. Paez*, 742 S.W.2d 824, 826 (Tex.App.—Corpus Christi 1987, writ denied); *Robinson Electric Supply Co.*, 706 S.W.2d at 131–32.

Appellants argue that "outside influence" under Rules 327(b) and 606(b) must be construed to include impermissible recitations of outside personal experiences which are material and harmful. They contend that a failure to include impermissible recitations of outside personal experiences and a failure to include later statements by a juror which contradict answers given to voir dire questions (1) violates Tex.R.Civ.P. 1 and 226a, and Tex.R.Civ.Evid. 102, (2) contravenes the legislative history of Rule 327(b), (3) violates their due process and equal protection rights and their right to a fair and impartial trial by jury, and (4) fails to comport with Federal Rule of Evidence 606(b).

Appellants argue that the discussions during deliberations are impermissible under Tex.R.Civ.P. 226a. This rule provides the admonitory instructions which are given to the jury by the trial court. Pertinent to appellants' complaint, these instructions tell the jurors not to consider or discuss (1) their own personal experiences, (2) anything that is not represented by the evidence, and (3) whether any party is protected by insurance.

■ Appellants' position is that a party to a suit is entitled to a new trial, as a matter of law, upon proof of a violation of the admonitory instructions. We disagree. Even though these instructions are required to be given, the fact that they are violated is not sufficient grounds for a new trial. Generally, a violation of the admonitory instructions given under Rule 226a is to be determined by the requirements of Rule 327. *Texas Employers' Insurance Association v. Moore*, 549 S.W.2d 37, 39 (Tex.Civ.App.—El Paso 1977, no writ.); *Cook v. Chapa*, 492 S.W.2d 339, 342 (Tex. Civ.App.—Amarillo 1973, writ dism'd); *Butler v. Haynes*, 426 S.W.2d 642, 644 (Tex.Civ.App.—Beaumont 1968, writ ref'd n.r.e.).

■ Appellants argue that Rules 327(b) and 606(b) deny them due process, equal protection, and the right to a fair and impartial trial by jury. The Equal Protection Clause of the Fourteenth Amendment says that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate State interest. *City of Cleburne*, 473 U.S. at 440, 105 S.Ct. at 3254.

Clearly, Rules 327(b) and 606(b) have been written to protect most of the jury's deliberation process from scrutiny. By protecting the sanctity of the jury room, these rules promote full discussion during deliberations and reduce juror harassment. We conclude that these rules are rationally related to a legitimate State interest.

■ The Due Process Clause of the Fourteenth Amendment safeguards against the deprivation of life, liberty or property "without due process of law." *Parratt v. Taylor*, 451 U.S. 527, 537, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981). The fundamental requirement of the Due Process Clause is the opportunity to be

heard and this opportunity is one "which must be granted at a meaningful time and in a meaningful manner." *Parratt*, 451 U.S. at 540, 101 S.Ct. at 1915.

Rules 606(b) and 327(b) provide for a hearing concerning the validity of a jury verdict. These rules do not allow a juror to testify about any matter or statement occurring during the course of the jury's deliberations. This restriction is necessary to protect the jury's delicate deliberative process. Allowing disgruntled litigants to probe the jury's mental processes would hamper the trial process. We conclude that these rules provide a meaningful manner of redress and satisfy due process.

In Texas, the right to a fair and impartial trial is guaranteed by Tex. Const. art. 1, § 15 (Vernon 1984) and Tex.Gov't Code Ann. § 62.105 (Vernon 1987). *Babcock v. Northwest Memorial Hospital*, 767 S.W.2d 705, 708 (Tex.1989). Tex. Const. art. 1, § 15 states, in relevant part, that "[t]he right of trial by jury, shall remain inviolate," and that our legislature may pass laws needed to regulate this right and to maintain "its purity and efficiency." Appellants received a trial by jury. Their complaints stem from the jury's deliberative process. In fact, Tex.Gov't Code Ann. § 62.105 prevents a person from serving as a juror if that person has a bias or prejudice in favor of or against a party. The legislature and Supreme Court have adopted Rules 327(b) and 606(b) which state under what conditions a new trial can be received on the basis of jury misconduct. This is nothing more than an attempt to promote the "purity and efficiency" of the jury system. We hold, therefore, that rules 606(b) and 327(b) did not deny appellants their right to a fair and impartial trial by jury.

Tex.R.Civ.P. 1 provides that our civil procedure rules be given a "liberal construction." Tex.R.Civ.Evid. 102 provides that the rules of evidence shall be construed to secure fairness in administration, eliminate unjustifiable expense and delay, and promote growth and development of evidence law. We conclude that Rules 327(b) and 606(b) operate to prevent unjustifiable ex-

pense and delay by preventing parties from arbitrarily and frivolously attacking the validity of a jury verdict. These rules require a party to prove that "outside influence" was brought to bear on the jury, thus reducing the number of new trials granted upon alleged jury misconduct.

Appellants also argue the Rules 606(b) and 327(b) fail to comport with Federal Rule of Evidence 606(b). The federal rule allows testimony regarding whether "extraneous prejudicial information was improperly brought to the jury's attention." Our Supreme Court expressly chose to delete this test for jury misconduct and instead opted for the more stringent "outside influence" test. *See Robinson Electric Supply Co.*, 706 S.W.2d at 132–33. The fact that Rules 606(b) and 327(b) fail to comport with the federal rule is of no consequence to this case.

Because appellants failed to show by affidavits and testimony the existence of material jury misconduct, the trial court did not err in failing to hear evidence on their motion for new trial. *Lopez v. City Towing Associates, Inc.*, 754 S.W.2d 254, 259 (Tex.App.—San Antonio 1988, writ denied). Consequently, the trial court did not err in overruling the motion for new trial on this issue.

The judgment of the trial court is AFFIRMED.