**Lawson WOOTEN & Carolyn Wooten Individually & As Representatives of the Estate of Lee Weston Wooten**

v.

**SOUTHERN PACIFIC TRANS-PORTATION COMPANY, & Leslie Willard.**

No. 14–94–00413–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 28, 1995.

Dale F. Carrington, Houston, TX, for appellants.

Mainess Gibson, Sheryl S. Norman, Houston, TX, for appellees.

Before LEE, HUDSON and EDELMAN, JJ.

## OPINION

EDELMAN, Justice.

In this wrongful death and survivorship case, Lawson and Carolyn Wooten, individually and as representatives of the Estate of Lee Weston Wooten (collectively, the "Wootens") appeal a take-nothing judgment entered in favor of Southern Pacific Transportation Company and Leslie Willard (collectively, "Southern Pacific") on the grounds that (1) a juror was biased, (2) counsel engaged in improper and incurable jury argument, (3) challenges for cause were refused, and (4) there were conflicting answers to jury questions. We affirm.

Lee Wooten was struck by a train and killed while attempting to cross railroad tracks owned and operated by Southern Pacific. The Wootens filed suit against Southern Pacific alleging negligence for failing to properly maintain the railroad crossing. The jury assigned 100% of the negligence in the accident to Lee Wooten, and the trial court entered a take-nothing judgment in favor of Southern Pacific.

In the first of their four points of error, the Wootens complain that the trial court erred in denying their motion for new trial because a juror, James Brau, engaged in misconduct. According to the Wootens' proffered testimony, Brau told the other jurors during deliberations that, based on his past experiences and observations, he thought the intersection was safe. The Wootens argue that this was harmful because Brau acted, in effect, as a secret witness influencing the jury regarding the crossing's safety. The Wootens also contend that, during trial, Brau told a non-juror that he felt the tracks were safe.

Jury misconduct includes outside influence on jurors and incorrect answers by jurors during voir dire examination. TEX.R.CIV.P. 327. To preserve error regarding jury misconduct, the complaining party must present evidence proving the misconduct at a hearing on a motion for new trial. See id.; TEX.R.CIV.P. 324(b)(1). Although this evidence may generally include testimony from any person with knowledge of the misconduct, jurors may not testify about their deliberations or their mental processes during deliberations, but only about any *outside* influence that was improperly brought to bear on any juror. TEX.R.CIV.P. 327; TEX.R.CIV.EVID. 606(b); *Weaver v. Westchester Fire Ins. Co.*, 739 S.W.2d 23, 24 (Tex.1987). This approach represents a departure from prior law:

> Under former Rule 327(b), effective until April 1, 1984, a juror was permitted to testify as to matters and statements, or "overt acts," which occurred during deliberations. Under the former rule, only the actual mental processes of the jurors were excluded from consideration. Now, however, under the new rule a party can only inquire into whether an "outside influence" affected the deliberations, and all testimony, affidavits, and evidence are limited to this issue.

*Robinson Elec. Supply v. Cadillac Cable Corp.*, 706 S.W.2d 130, 132 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

The Wootens argue that the term "outside influence" should be construed to mean any influence emanating from outside the evidence, and not be limited to situations when a non-juror influences the jury. *See Baley v. W/W Interests, Inc.*, 754 S.W.2d 313, 316 (Tex.App.—Houston [14th Dist.] 1988, writ denied) (Ellis, J., dissenting). However, in amending Rule 327(b) to its current version, the Texas Supreme Court expressly deleted a proposal that would have also allowed testimony on whether "extraneous prejudicial information was improperly brought to the jury's attention." *See* TEX.

R.Civ.Evid. 606(b) (1982 liaison committee proposal); *Robinson*, 706 S.W.2d at 132–33. Thus, it is well-established that, to constitute outside influence, information must come from outside the jury, *i.e.*, from a non-juror who introduces information to affect the verdict, and not from within the jury's deliberations or as part of the jury's mental process.[1]

 In this case, the comments Brau made to other jurors regarding the intersection relate to the jury's mental processes and deliberations. Although these comments violated the trial court's instructions and were clearly improper,[2] they emanated from *inside* the jury, and, thus, do not constitute an *outside* influence.

As to Brau's communications with the non-juror, the relevant evidence indicated only that Brau expressed *his* opinion to the non-juror, and not that the non-juror conveyed any information or opinions to Brau or any other juror. Therefore, this communication also did not amount to an outside influence.

 The Wootens also contend that Brau engaged in jury misconduct by not disclosing his knowledge and opinion of the intersection during voir dire. A juror can commit misconduct if he lies in voir dire about a matter on which he was clearly biased or prejudiced. *See General Accident Fire and Life Assurance Corp. v. Coffman*, 326 S.W.2d 287, 291–92 (Tex.Civ.App.—Waco 1959, writ ref'd n.r.e.). However, in order for false answers to voir dire questions to entitle a party to a new trial, the concealment must be in response to a specific and direct question calling for disclosure. *Texaco Inc. v. Pennzoil Co.*, 729 S.W.2d 768, 851 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. denied*, 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988).

 In this case, counsel asked no questions during voir dire as to whether anyone was familiar with the intersection. The closest line of questioning, posed by the Wootens' counsel, was the following:

> The only thing that would disqualify you is if you had heard something, seen it on television, read it in the newspaper, if the thing that you saw or heard or read caused you to form an opinion as to whether one side or the other—would cause you to lean towards one side or the other before the case stated. So that's the first question I have for you. Anybody on the front row, first row, first eight folks, hear anything about this case, read the newspaper, see it on television, anything like that?

One venireperson responded to this question, that she heard the crash from the accident because she lived by the crossing. The Wootens' counsel then asked her whether the fact she lived close to the intersection and was familiar with the intersection would cause her to be unfair.

Under these circumstances, counsel's original question to the panel did not address Brau's knowledge of the intersection, and counsel's follow-up question to the other venireperson was not directed to Brau or any other panel members. Accordingly, the questions were not sufficient to fairly elicit the information the Wootens now complain was not disclosed by Brau. Brau could not conceal that which he was never specifically and directly asked to disclose. *See McCormick v. Texas Commerce Bank Nat'l Ass'n*, 751 S.W.2d 887, 892 (Tex.App.—Houston [14th Dist.], writ denied), *cert. denied*, 491 U.S. 910, 109 S.Ct. 3199, 105 L.Ed.2d 706 (1988). Therefore, the Wootens' first point of error is overruled.

 In their fourth point of error, the Wootens allege a conflict in the jury's answers to questions in the charge. We will address this point next since it involves is-

---

1. *See, e.g., King v. Bauer*, 767 S.W.2d 197, 198 (Tex.App.—Corpus Christi 1989, writ denied) (holding that juror's discussions during deliberations of personal experiences were not outside influences); *Baley v. W/W Interests, Inc.*, 754 S.W.2d 313, 316 (Tex.App.—Houston [14th Dist.] 1988, writ denied) (holding that evidence that jurors, among other things, visited the scene in question and related personal experiences and special knowledge obtained therefrom to other jurors was not admissible to show misconduct); *Moon v. Firestone Tire & Rubber Co.*, 742 S.W.2d 792, 793 (Tex.App.—Houston [14th Dist.] 1987, writ denied) (rejecting argument that "outside influence" is present whenever a jury considers matters not in evidence).

2. *See* Tex.R.Civ.P. 226a.

sues similar to those in the first point of error.

In response to question one, the jury assigned 100% of the negligence to the driver, Lee Wooten. In response to question 5b, the jury answered that the sum of money which would have fairly and reasonably compensated Lee Wooten for funeral and burial expenses was $7017.00. Question 5b also stated, "[d]o not reduce the amount, if any, in your answer because of the negligence, if any, of Lee Wooten."

Despite this admonition, the Wootens assert that there was a conflict between the answers to questions one and 5b because some of the jurors believed and stated that it did not matter how the negligence issue was answered since the estate would recover burial expenses in any event. *See Flores v. Dosher,* 622 S.W.2d 573, 574 (Tex.1981) (reversing denial of new trial where jurors stated belief that it did not matter how they answered jury question on negligence because plaintiffs would recover in any event). However, following the decision in *Flores,* Rule 327 was amended, as discussed with regard to the first point of error, to conform to Texas Rule of Evidence 606(b). *See Robinson,* 706 S.W.2d at 132. Thus, even if a conflict can be shown by reference to the jury's deliberations, it would not constitute outside influence necessary to warrant a new trial under Rule 327(b). Therefore, the Wootens' fourth point of error is overruled.

In their second point of error, the Wootens argue that the trial court erred in denying their motion for new trial because of improper and incurable argument. The objected-to arguments included references to opposing counsel, plaintiffs' greed, the high costs of trying lawsuits, settlement negotiations, and the number of jobs that could be lost if the jury awarded punitive damages.

■ In order to prove incurable jury argument, the complainant must prove (1) an improper argument was made, (2) that was not invited or provoked, (3) that was properly preserved at trial, such as by objection, motion to instruct or motion for mistrial, (4) the error was not curable by instruction, prompt withdrawal of the statement, or reprimand by the court, and (5) the argument, by nature, degree, and extent, constituted reversible error based on an examination of the entire record to determine the argument's probable effect on a material finding. *Standard Fire Ins. Co. v. Reese,* 584 S.W.2d 835, 839–40 (Tex.1979). There are only rare instances of incurable harm from improper argument. *Id.* at 839. If an improper argument is made and properly preserved, the appellate court reviews the evidence to determine if the verdict was based on the evidence or the improper argument. *Texas Sand Co. v. Shield,* 381 S.W.2d 48, 59 (Tex.1964).

■ In this case, even if the five factors enumerated above were met, we would be unable to determine the argument's probable effect on a material finding because we do not have the full record before us. *See International Armament Corp. v. King,* 674 S.W.2d 413, 419 (Tex.App.—Corpus Christi 1984), *aff'd on other grounds,* 686 S.W.2d 595 (Tex.1985) (noting that without a complete record, the court could not determine whether error was invited or provoked). The statement of facts before us includes the motions in limine, voir dire examination, opening statement, closing argument, and motion for new trial, but not the evidence.[3] Therefore, we are unable to assess whether the verdict was based on the evidence or the improper argument. Accordingly, the Wootens' second point of error is overruled.

■ In their third point of error, the Wootens argue that the trial court erred in refusing their challenges to two jurors for cause. A challenge for cause is an objection to a panelist, alleging some fact that by law disqualifies the person to serve as a juror or renders the person unfit to sit on the jury.

---

**3.** It was, of course, the Wootens' burden to provide a sufficient record to demonstrate error, including requesting from the court reporter the portions of the evidence to be included in the statement of facts. Tex.R.App.P. 50(d), 53(a). Although the Wootens' designation of transcript lists the request for statement of facts, we do not find it in the transcript, and, thus, cannot tell whether the evidence was not requested, not provided or has been misplaced. Nor do we find in the transcript a statement of points to be urged on appeal pursuant to Tex.R.App.P. 53(d) to signify that a partial statement of facts was intended.

TEX.R.CIV.P. 228. To preserve error where a challenge for cause is denied, a party must, before exercising peremptory challenges, advise the trial court that (1) all peremptory challenges will be used, and (2) after exercising the peremptory challenges, specific objectionable jurors would remain on the jury list. *Hallett v. Houston Northwest Medical Ctr.,* 689 S.W.2d 888, 890 (Tex.1985). By failing to give such notice to the trial court, a party waives any error committed by the court's refusal to discharge jurors challenged for cause. *Id.*

In this case, the record does not indicate that the Wootens advised the court that they would exhaust their peremptory challenges and that specific objectionable jurors would remain. As a result, no error was preserved. Therefore, the Wootens' third point of error is overruled, and the judgment of the trial court is affirmed.