11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

James
Harold Bryant

Appellant

Vs.                   No. 11-04-00052-CR -- Appeal
from Midland County

State
of Texas

Appellee

 

The jury convicted James Harold Bryant of
aggravated assault and assessed his punishment at 8.5 years confinement and a
$6,000 fine.  The trial court entered a
finding that a deadly weapon was used during the commission of the
offense.  We affirm.

There is no challenge to the sufficiency of the
evidence.  In his first point of error,
appellant contends that the trial court erred in overruling his motion for new
trial based upon juror misconduct.  The
decision to grant or deny a motion for new trial lies within the discretion of
the trial court.  Lewis v. State,
911 S.W.2d 1, 7 (Tex.Cr.App.1995).  We do
not substitute our judgment for that of the trial court but, rather, decide
whether the trial court=s
decision was arbitrary or unreasonable. Lewis v. State, supra.  

Appellant filed a motion for new trial alleging
juror misconduct.  The jury foreman from
appellant=s trial
filed an affidavit in which he stated that, during deliberations on
guilt/innocence, a juror revealed that she had made an independent
investigation of the alleged crime scene. 
The jury foreman further stated in his affidavit that, during the
deliberations on punishment, the jury discussed the effects of the parole laws
on appellant=s
sentence.  Appellant=s motion for new trial did not contain
any evidence other than the affidavit of the jury foreman.  The trial court overruled appellant=s motion for new trial without a
hearing stating that Athe
motion and the affidavit allege jury misconduct regarding matters or statements
occurring during the jury=s
deliberations.  This type of evidence is
not admissible to prove jury misconduct. 
Tex.R.Evid. 606(b).@


TEX.R.EVID. 606(b) provides in part:








Upon an inquiry into the validity of a verdict or
indictment, a juror may not testify as to any matter or statement occurring
during the jury=s
deliberations, or to the effect of anything on any juror=s
mind or emotions or mental processes, as influencing any juror=s assent to or dissent from the verdict
or indictment.  Nor may a juror=s affidavit or any statement by a juror
concerning any matter about which the juror would be precluded from testifying
be admitted in evidence for any of these purposes.  However, a juror may testify: (1) whether any
outside influence was improperly brought to bear upon any juror.

 

Rule  606(b) does not
permit jurors to testify as to any matter or statement occurring during the
jury=s
deliberations as to the effect of anything on any juror=s
mind or emotions or mental processes that may have influenced any juror=s assent to the verdict.  State v. Lewis, 151 S.W.3d 213, 219-20
(Tex.App. ‑ Tyler 2004, pet=n
ref=d).   
A motion for new trial based on jury misconduct that relies on
affidavits of jurors must allege that outside influences affected the jury=s decision. See Rule 606(b); Tinker
v. State, 148 S.W.3d 666, 673 (Tex.App. ‑ Houston [14th Dist.] 2004,
no pet=n). To
constitute Aoutside
influences,@ the
information must have come from a source outside the jury, such as a non‑juror
who introduces information affecting the verdict.  Tinker v. State, supra;  see also 
Traylor v. State, 43 S.W.3d 725, 731 (Tex.App. ‑ Beaumont
2001, no pet=n);
Hicks v. State, 15 S.W.3d 626, 629 (Tex.App. ‑ Houston [14th Dist.]
2000, pet=n ref=d); 
Hart v. State, 15 S.W.3d 117, 122 (Tex.App. ‑ Texarkana
2000, pet=n ref=d). 
Moreover, it has often been held in the civil context that information
gathered by a juror and introduced to the other jurors by that juror is not an Aoutside influence,@ even if introduced specifically to
prejudice the vote.   Franks v. State,
90 S.W.3d 771, 799 (Tex.App. ‑ Fort Worth 2002, no pet=n); Soliz v. Saenz, 779 S.W.2d
929, 932 (Tex.App. ‑ Corpus Christi 1989, writ den=d).


Appellant=s
motion for new trial and the affidavit of the jury foreman did not provide
evidence of outside influences. 
Therefore, the trial court did not err in overruling appellant=s motion for new trial.  Appellant=s
first point of error is overruled.

In his second point of error, appellant argues
that the trial court erred in entering a finding on the use of a deadly
weapon.  The indictment alleged that
appellant:

[D]id
then and there intentionally, knowingly and recklessly cause bodily injury to
[the victim] by stabbing and cutting [the victim] with a knife and did then and
there use and exhibit a deadly weapon, to-wit: a knife, during the commission
of the said assault.

 

The trial court instructed the jury in its charge








[I]f
you believe from the evidence beyond a reasonable doubt, that [appellant] did
then and there intentionally, or knowingly or recklessly cause bodily injury to
[the victim] by stabbing or cutting [the victim] with a knife, and did then and
there use or exhibit a deadly weapon, to-wit: a knife, during the commission of
the said ASSAULT that in its manner of use or intended use was capable of
causing serious bodily injury or death, you will find [appellant] guilty of the
offense of AGGRAVATED ASSAULT as charged in the indictment

 

The jury found appellant guilty Aas alleged in the indictment.@ 

The trial court is authorized to enter a deadly
weapon finding where the jury has found the defendant guilty as alleged in the
indictment and the deadly weapon has been specifically pleaded in the
indictment, using the nomenclature Adeadly
weapon.@ Vasquez
v. State, 56 S.W.3d 46, 47 (Tex.Cr.App.2001); Polk v. State, 693
S.W.2d 391, 396  (Tex.Cr.App.1985).  The trial court did not err in entering a
deadly weapon finding.  Appellant=s second point of error is overruled.

The judgment of the trial
court is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

August 31, 2005

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of:  Wright, J., and McCall, J.[1]











[1]W. G. Arnot, III, Chief Justice, retired effective July
31, 2005.  The chief justice position is
vacant.