**E. E. TRAYWICK et al., Relators,**

**v.**

**The Honorable Lewis M. GOODRICH, Judge of the 31st Judicial District Court of Gray County, Texas et al., Respondents.**

**No. A–9309.**

Supreme Court of Texas.

Jan. 30, 1963.

Gibson, Ochsner, Harlan, Kinney & Morris, J. Hadley Edgar, Jr., Amarillo, with above firm, for relators.

Ray & Knudtson, Amarillo, for respondents.

CULVER, Justice.

The relators, Traywick et al., seek a writ of mandamus to require The Honorable Lewis M. Goodrich, District Judge of Gray County, to enter a judgment for them upon a jury verdict. The suit arose out of a collision between relators' truck and an automobile operated by Mrs. Maxine Ethridge, the plaintiff, at the intersection of two streets in Pampa. The trial court declared a mistrial on the sole ground that findings of the jury in answering two issues were in fatal conflict.

Under Special Issue No. 9 the jury found that Mrs. Ethridge failed to maintain a proper lookout on the occasion in question and that such failure was a proximate cause of the collision.

Under Special Issue No. 13 the jury found that Mrs. Ethridge failed to ascertain or determine that the way was clear for

her to enter the intersection before doing so, but that such failure was not negligence.

We are of the opinion that the two issues are not in irreconcilable conflict and therefore the judgment should be entered by the trial court in favor of the relators.

Special Issue No. 9 is all-inclusive on the question as to whether the plaintiff kept and maintained the proper observation at all times on approaching, entering into and after she had entered upon the intersection up until the time of the collision. On the other hand No. 13 only inquires as to her conduct before entering the intersection. That issue is necessarily embraced within but not coextensive with Special Issue No. 9. In fact it is clear that No. 13 should not have been given by the court. The general issue of lookout should not be fragmentized.

It is not necessary for us to speculate upon the mental processes of the jury as to why they answered that the plaintiff did fail to ascertain that the way was clear for her to enter the intersection before doing so, and then find that this failure was not negligence. The relators do suggest, however, that as she stopped at a stop sign there were three vehicles parked on her left and a house on the corner of the intersection which the jury may have thought obstructed her vision in the direction from which the relators' truck was approaching. She testified that she was not aware of the approach of the relators' pickup truck until the actual impact occurred and admitted that she never saw it for even a split second before the collision.

■ The findings can be reconciled on the basis that Mrs. Ethridge was not negligent in failing to keep a proper lookout while stopped and before attempting to enter the intersection, but that she was guilty of negligence in failing to keep a lookout thereafter. The obligation rests upon the automobile driver not only to keep a proper lookout while stopped and before starting to cross, but at all times thereafter until the crossing has been negotiated in

safety. Certainly one is negligent who looks both ways while stopped before entering the intersection and then proceeds blindly ahead.

■ Where there is no irreconcilable conflict in the jury's findings it is the ministerial duty of the Judge to enter a judgment on the verdict and the matter involves no judicial or discretionary powers. Gulf C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296.

■ It is the duty of the trial court to reconcile apparent conflicts in the findings of the jury if reasonably possible. Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558; Indemnity Insurance Co. of North America v. Craik, 162 Tex. 260, 346 S.W.2d 830. In a somewhat similar fact situation the court held in Thompson v. Railway Express Agency, Tex.Civ.App., 206 S.W.2d 134, 1947, wr. ref. n. r. e., that there was no irreconcilable conflict between a finding of plaintiff's failure to keep a proper lookout for approaching traffic and a finding that although plaintiff "was looking over her left shoulder" that was not negligence.

In Casualty Underwriters v. Rhone, 134 Tex. 50, 132 S.W.2d 97, the rule was stated as follows:

"* * * It will never be presumed that jurors intend to return conflicting answers, but the presumption is always to the contrary. Courts properly refuse to strike down answers on the ground of conflict, if there is any reasonable basis upon which they may be reconciled. This is elementary. * *"

The respondents contend that the trial court erred in submitting Issue No. 13 and that the answers given by the jury were affected to the extent that a different verdict would have been returned and the error would have been sufficient to require the granting of a new trial. But if No. 13 had not been given there is no basis to assume that No. 9 would have been answered otherwise than it was and we would then have

had no question of a conflict. Of course the matter of granting a new trial in this case after the entry of a judgment lies within the province of the trial judge.

The respondents cite Carnes v. Cunningham, 350 S.W.2d 59, in which the Court of Civil Appeals denied an application for writ of mandamus to compel the trial judge to enter a judgment for the defendant upon the jury's verdict. In that case while three issues were answered favorably to the defendant, the jury was unable to agree on the remaining issues. Those, if answered favorably to the plaintiff, might have resulted in a favorable judgment. Under that circumstance the court held that the decision involved the exercise of judicial discretion.

Respondent also cites Trevino v. Doughty, Tex.Civ.App., 311 S.W.2d 276, 1958, for the proposition that the relator Judge in declaring a mistrial was exercising his judicial discretion instead of acting in a ministerial capacity. The gist of the holding in that case was that the court had set aside the jury verdict, declared a mistrial, and granted a new trial, the court consequently applied Rule 300, Texas Rules of Civil Procedure, which in effect provides that the trial court shall render judgment upon the special verdict, "unless set aside or a new trial is granted, or judgment is rendered notwithstanding verdict or jury finding." Neither of the two cited cases are in point.

The facts in Edson v. Perry-Foley Funeral Home, Tex.Civ.App., 132 S.W.2d 282, 1939, dism. judgm. cor., do not justify the reliance placed upon that case by the respondents. All three findings said to be in conflict there relate to the lookout maintained by the plaintiff at the time she started or attempted to cross over the intersection. The first inquires as to the proper lookout kept for vehicles approaching from her right as she started to cross. The second and third are almost identical, one asking whether the plaintiff attempted to cross without first ascertaining whether or not there was any danger in so doing, and the other asking whether she attempted to cross without first seeing if the crossing could reasonably be made in safety. In answering the first question "yes" the jury found her guilty of negligence. The second question was answered in the negative, while the third question was answered in the affirmative but the jury found that such act was not negligence. As pointed out in that case, if the plaintiff had first ascertained that there was no danger in attempting to cross, as was found by the jury in answer to one issue, necessarily that conflicted with the jury finding that the plaintiff failed to keep a proper lookout to the right since it is impossible to determine that a street can be crossed with safety without looking in both directions.

For the foregoing reasons judgment should be entered upon the jury verdict in favor of the relators. Since the trial court will of course comply with our holding, the formal issuance of the writ of mandamus will be withheld.

GRIFFIN, J., not sitting.