**Ora Leona SMITH et al., Appellants,**

v.

**KINSEL MOTORS, INC., et al., Appellees.**

**No. 6750.**

Court of Civil Appeals of Texas.

Beaumont.

June 17, 1965.

Rehearing Denied Sept. 8, 1965.

Ernest L. Sample, Beaumont, for appellants.

Orgain, Bell & Tucker, Beaumont, for appellees.

STEPHENSON, Justice.

This is an action for damages based upon negligence, breach of implied warranty and breach of express warranty. Trial was by jury and judgment was rendered for defendants upon the jury verdict. The parties will be designated here as they were in the trial court.

Plaintiffs alleged that Mr. and Mrs. D. H. Smith were trying out one of defendant's used cars when a tire blew out resulting in a one car collision in which Mr. Smith was killed and Mrs. Smith injured. Mrs. Smith brought this action for her injuries, and also together with the children and parents of Mr. Smith brought this action for his death.

The jury made the following findings: When the automobile in question was driven from defendant's lot the right front tire was broken and had a boot in it; that such condition rendered the vehicle unsafe for highway operation; that such condition caused a blowout; that defendant knew or in the exercise of ordinary care should have known of such condition; that defendant's act in sending said automobile out on the highway in such condition for demonstration purposes was negligence;

that such act was a proximate cause of the fatal accident in question; that the failure of defendant to warn Mr. Smith of such condition was negligence; that such negligence was a proximate cause of such fatal accident; that defendant did not tell Mr. Smith that the automobile had been inspected by its mechanics; that defendant failed to install reasonably safe tires on such automobile, which was negligence and a proximate cause of the accident; that defendant exchanged the tires on such car without making a proper inspection which was negligence and a proximate cause of the accident; that Mr. Smith was operating the car in a reasonable manner; that Mr. Smith's operation of the car was not unreasonable; that Mr. Smith drove the vehicle at an excessive rate of speed, which was a proximate cause of the accident; that Mr. Smith drove the car at a speed in excess of 60 miles per hour, which was a proximate cause of the accident; that the accident was not unavoidable.

■ Plaintiffs' first point is that the trial court erred in overruling plaintiffs' motion for judgment non obstante and in entering judgment in favor of defendant. There is no statement of facts in this record. Rule 301, T.R.C.P., provides in part as follows:

"Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper * * *."

A directed verdict in this case would have been proper only if there had been no evidence to support the findings of the jury. In the absence of a statement of facts we must presume that sufficient evidence was introduced to support the findings of the jury and the judgment of the court. Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683. The point is overruled.

■ Plaintiffs' second point is that the trial court erred in overruling plaintiffs' motion for mistrial based upon a conflict in the findings of the jury. It is argued

that the findings of the jury that Mr. Smith was guilty of contributory negligence in driving at an excessive rate of speed and in driving at a speed in excess of 60 miles per hour were in conflict with the findings of the jury that Mr. Smith was operating the car in a reasonable manner and that his operation of the car was not unreasonable. A reading of the issues together with the instructions demonstrated this is not a valid argument. The issues with the instructions were as follows:

"SPECIAL ISSUE NO. 24

Do you find from a preponderance of the evidence that the said D. H. Smith was operating the automobile on the occasion in question in a reasonable manner?

ANSWER 'YES' OR 'NO'

ANSWER: YES

In connection with the preceding Special Issue No. 24 you are instructed that by the words 'reasonable manner' as used in this issue, is meant the operation of the vehicle in a manner and speed as could have been reasonably foreseen and anticipated by Kinsel Motors, Inc."

"SPECIAL ISSUE NO. 25

Do you find from a preponderance of the evidence that under the circumstances the manner in which the said D. H. Smith was operating the automobile, on the occasion in question, was unreasonable?

ANSWER 'YES' OR 'NO'

ANSWER: NO

In connection with the preceding Special Issue No. 25 you are instructed that by the word 'unreasonable' is meant the operation of a vehicle in a manner and at a speed which, under the circumstances, was not, or in all reasonable probability, would not have been

anticipated or foreseen by Kinsel Motors, Inc."

"SPECIAL ISSUE NO. 29

Do you find from a preponderance of the evidence that D. H. Smith, on the occasion in question, drove the vehicle at an excessive rate of speed?

ANSWER 'YES' OR 'NO'

ANSWER:   YES

By the term 'excessive rate of speed', as used herein, is meant the operation of the vehicle, by D. H. Smith, at a speed in excess of which a person of ordinary prudence and care, under the same or similar circumstances, would have operated the vehicle."

"SPECIAL ISSUE NO. 31

Do you find from a preponderance of the evidence that immediately prior to the accident in question, D. H. Smith was operating the vehicle in question at a speed in excess of 60 miles per hour?

ANSWER 'YES' OR 'NO'

ANSWER:   YES   "

It is apparent that even though the words "reasonable" and "unreasonable" were used in Special Issues 24 and 25, that the court was not intending to inquire of the jury whether the actions of Mr. Smith constituted acts of negligence, as no attempt was made to establish the standard of care applied in negligence cases. The instructions given in connection with those issues refer only to the foreseeability on the part of defendant. We find no conflict in these issues. Traywick v. Goodrich (Tex.), 364 S.W.2d 190. The point is overruled.

Judgment affirmed.