William Barton HUBER, Petitioner,

v.

Alma RYAN, Respondent.

No. C–652.

Supreme Court of Texas.

Dec. 9, 1981.

Rehearing Denied Feb. 24, 1982.

Dalton, Moore, Forde, Joiner & Stollenwerck, Thomas K. Boone, Dallas, for petitioner.

Thorne, Thorne & Robertson, Michael A. Robertson, Grand Prairie, for respondent.

PER CURIAM.

Alma Ryan sued William Barton Huber for injuries she alleged resulted from an automobile collision. The jury found: (1) Huber's negligence proximately caused the collision; (2) Ryan was injured (no definition of "injury" was given the jury); (3) $375.00 loss of earning capacity in the past; (4) no damages for physical pain and mental anguish in the past or future, loss of earning capacity in the future nor physical impairment. The trial court rendered judgment for Ryan for $375.00.

The court of civil appeals reversed the judgment of the trial court and remanded the cause on the ground that failure of the jury to award damages for pain and mental anguish in the past is in fatal conflict with the affirmative findings of injury and loss of earning capacity in the past. 618 S.W.2d 887. There is no statement of facts. The court of civil appeals presumed Ryan's evidence of injury conformed to her pleadings which alleged pain and mental anguish from back and neck injuries. That court also presumed that Ryan's rendition of the facts about her injuries in her appellate briefs was unchallenged by Huber. The court of civil appeals then took judicial notice that pain necessarily resulted from the type of injury alleged.

In the absence of a statement of facts, a judgment may be sustained by presumption as to fact findings, but will not be rendered invalid by presumption. *Schweizer v. Adcock*, 145 Tex. 64, 67, 194 S.W.2d 549, 550 (1946). A court is under the duty to reconcile conflicting jury findings if at all possible. *Signal Oil & Gas v. Universal*

*Oil Prod.*, 572 S.W.2d 320, 326 (Tex.1978). This Court, in *Traywick v. Goodrich*, 364 S.W.2d 190 (Tex.1963), repeated the rule: "It will never be presumed that jurors intend to return conflicting answers, but the presumption is always to the contrary. Courts properly refuse to strike down answers on the ground of conflict, if there is any reasonable basis upon which they may be reconciled." *Id.* at 191.

■ Accompanying the damages issues, the court's charge instructed the jury not to include damages for any condition not resulting from this accident and not to include damages for Ryan's failure to care for and treat her injuries. The jury may have considered the possibility that Ryan was suffering pain from another injury or condition; and that any pain she did experience could have been alleviated by proper treatment. In the absence of a definition for "injury," the jury may have considered the term to include economic loss. The jury may have believed loss of her vehicle, not pain, prevented Ryan from attending work.

The opinion of the court of civil appeals conflicts with the above authorities. Huber did challenge Ryan's rendition of the facts. The jury's answers may be reasonably reconciled. We grant Petitioner's application for writ of error and without oral argument, reverse the judgment of the court of civil appeals and affirm the judgment of the trial court. TEX.R.CIV.PRO. 483.