11th Court of Appeals








11th Court
of Appeals

Eastland,
Texas

Opinion

 

Southwest Country Enterprises, Inc.

Appellant

Vs.                   No.  11-01-00018-CV B Appeal from Dallas County

John R. Ashford

Appellee

 

This
is an appeal from the denial of a bill of review.  There is no reporter=s record filed in this cause. We
affirm the judgment of the trial court.

John
R. Ashford sued Southwest Country Enterprises, Inc. (Southwest) for damages to
his vehicle which occurred when he purchased tainted gasoline from Pride Travel
Stop, a convenience store in Royse City. 
The convenience store was, at one time, owned by Southwest.  Khalil R. Khalil was the registered agent
for Southwest and had a registered office in Addison.  Because the constable was unable to locate Khalil, Ashford served
the secretary of state under the alternative service statute.  TEX. BUS. CORP. ACT ANN. art. 2.11, ' B
(Vernon 1980).  However, the address on
file with the secretary of state was the same address where the constable had
attempted service on Khalil, and the citation was returned with the notation Aforwarding
order expired.@ 

The
trial court granted Ashford a default judgment for $2,744.71 in damages and
$1,000.00 for attorney=s fees, interest, and costs of court.  Although it owned the Pride Travel Stop at
one time, Southwest claims that it no longer owned the business on the date the
gas was purchased.  Southwest filed a
bill of review with the trial court to set aside the default judgment against
it.   It was denied. Southwest=s
request for reconsideration was never considered by the trial court.

On
appeal, Southwest presents three issues: (1) that the trial court erred by
denying Southwest=s bill of review; (2) that Ashford failed to exercise
reasonable diligence in locating Southwest=s business address and the trial
court erred in granting the use of alternative service; and (3) that the trial
court erred by failing to apply or consider any equitable relief in favor of
Southwest. 








This
court issued an order on April 26, 2001, noting that the reporter=s
record had not been filed.  An affidavit
of inability to pay had not been filed pursuant to TEX.R.APP.P. 20.1.  In our order, this court specified that
Southwest had until May 29, 2001, to cure the defect.  On June 14, 2001, this court issued an order reflecting that the
reporter=s
record had not been filed and that the appeal would be submitted on the clerk=s
record alone.

The
judgment of the trial court reflects that a hearing was held on the bill of
review.  Without a reporter=s
record of that proceeding, this court has no way of determining what evidence,
if any, was presented to the trial court.

There
is a general presumption of validity extending to the judgments of courts of
general jurisdiction.  Schweizer v.
Adcock, 194 S.W.2d 549, 550 (Tex.1946); Vickery v. Commission for Lawyer
Discipline, 5 SW.3d 241, 251 (Tex.App. B Houston [14th Dist.] 1999, pet=n den=d).
Where there is neither a reporter=s record nor findings of fact,
the appellate court will assume that the trial court heard sufficient evidence
to make all the necessary findings needed to support the judgment.  Huber v. 
Ryan, 627 S.W.2d 145 (Tex.1981); Vickery v. Commission for Lawyer
Discipline, supra at 251.  The burden of
demonstrating error rests upon appellant. 
Rush v. Barrios, 56 S.W.3d 88, 96 (Tex.App. - Houston [14th Dist.] 2001,
pet=n den=d).  Appellant has produced no evidence to this
court which demonstrates that the trial court erred.  

Therefore,
the judgment of the trial court is affirmed.

 

PER CURIAM

 

May 30, 2002

Do not
publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J.,
and

Wright, J., and McCall, J.