IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0870
════════════
 
T. Michael Quigley, 
Petitioner,
 
v.
 
Robert Bennett, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Fourth District of 
Texas
════════════════════════════════════════════════════
 
Justice Brister, joined by Justice Hecht and Justice Willett, concurring in part and 
dissenting in part.
 
 
I agree with 
the Court that the jury’s million-dollar verdict must be set aside under the 
Statute of Frauds. But there is no reason to set aside the jury’s quantum meruit verdict. As the jury answered that question and no 
one challenges its factual or legal sufficiency, an appellate court cannot set 
it aside on the possibility that another jury might award a higher or lower 
figure. As the Court does not render judgment for the plaintiff in that amount, 
I dissent to that extent.
American law 
has traditionally recognized three damage measures for breach of contract: 
expectancy, reliance, and restitution.[1] Expectancy damages award the benefit of a 
plaintiff’s bargain;[2] reliance damages compensate for the 
plaintiff’s out-of-pocket expenditures;[3] restitution damages restore what the 
plaintiff has conferred on the defendant.[4]
But fraud 
cases uniformly list only two damage measures: expectancy and reliance.[5] Restitution is generally not listed, 
perhaps because it as an equitable rather than a legal remedy,[6] or because it is available even without a 
showing of fraud. For example, a party may recover in quantum meruit when valuable services are furnished and knowingly 
accepted by a defendant in circumstances giving reasonable notice that the 
plaintiff expected to be paid.[7] Thus, defendants who promise to pay for 
such services with no intent of doing so would be liable for fraud, but they 
would be liable even if they said nothing. In such circumstances, there is no 
reason a jury could not award restitution damages for fraud.[8]
In this case, 
the court of appeals affirmed a judgment for $1 million in expectancy damages 
because the defendant, Quigley, did not object to the charge. But the charge on 
fraud damages instructed jurors to consider only one element: “The reasonable 
value of Robert Bennett’s compensable work at the time and place it was 
performed.” This is a restitution measure, not expectancy, and in fact was 
identical to the instruction in the charge for quantum meruit damages. Because restitution can be recovered in 
fraud cases, the problem was not with the charge but with the evidence Bennett 
tried to squeeze into it. There was no evidence that generating geologists are 
paid $1 million in cash for their services; the evidence showed they are paid 
royalty interests, which are sometimes worth $1 million and sometimes worth 
nothing. As the Statute of Frauds prevents enforcement of oral contracts for 
royalty interests, it likewise prevents an action for damages measured by that 
amount.[9] So I agree with the Court that the courts 
below erred in entering judgment as they did.
The charge on 
quantum meruit damages instructed jurors to consider 
precisely the same element of damage, but they gave a very different answer: 
$2,500. Neither party objected that these answers were conflicting or requested 
further deliberations.[10] The reason is quite clear from the 
record — Bennett told jurors to write millions in both blanks (for a royalty 
interest), and Quigley told them to write $2,500 in both blanks (for a daily fee 
for services), so they did some of both. While there was evidence that would 
have allowed jurors to write anywhere from $500 to $20,000 in the quantum meruit blank, they wrote $2,500. We cannot reverse this 
finding because a second jury might answer it differently. For 
both fraud and quantum meruit, Bennett asked only for 
the value of his services, and the jury found that value was $2,500. 
That being 
the case, there is no reason to remand for further review or a new trial; we can 
resolve both the apparent conflict and the appeal here. The standard for doing 
so is quite clear: we must preserve both answers if there is any reasonable 
basis for doing so:
 
It 
will never be presumed that jurors intend to return conflicting answers, but the 
presumption is always to the contrary. Courts properly refuse to strike down 
answers on the ground of conflict, if there is any reasonable basis upon which 
they may be reconciled.[11]    
 
There was no 
evidence regarding expenditures Bennett made from his own pocket (reliance 
damages), and due to the Statute of Frauds there was legally insufficient 
evidence regarding the bargain he hoped to strike (expectancy damages). 
Accordingly, the only damage evidence jurors could credit was that regarding a 
daily fee, and their finding in the quantum meruit award cannot be disregarded. 
Quigley 
argues that Bennett’s quantum meruit claim is barred 
because he did not file suit within four years after finishing his work on this 
mineral prospect.[12] But the parties never agreed Quigley 
would be paid anything until the leases were sold; it is undisputed that Quigley 
never asked for payment until after they were. Although Bennett’s alleged oral 
contract was unenforceable, it establishes that limitations did not begin to run 
until payment was due later. We so held more than sixty years ago in a case 
involving an unenforceable promise to devise property upon the promisor’s death:
 
But when a 
contract to devise property in consideration of services is established, the 
obligation to pay value for the services, which the law substitutes for the 
unenforceable promise, is performable also at the death of the promisor; and if there has been no prior repudiation of the 
contract by him, the cause of action accrues and limitation begins to run at the 
time of the promisor’s death.[13] 
 
            
Accordingly, I would reverse the court of appeals’ judgment based on the 
jury’s verdict regarding fraud damages and render judgment on their verdict 
regarding quantum meruit. Because the Court does only 
the former, I concur in part and dissent in part.
 
___________________________________
Scott Brister
Justice
 
OPINION 
DELIVERED: June 8, 2007







[1] Restatement (Second) of Contracts § 344 
(1981):
 
Judicial remedies under the rules stated in this 
Restatement serve to protect one or more of the following interests of a promisee:
(a) his “expectation interest,” which is his interest in 
having the benefit of his bargain by being put in as good a position as he would 
have been in had the contract been performed, 
(b) his “reliance interest,” which is his interest in 
being reimbursed for loss caused by reliance on the contract by being put in as 
good a position as he would have been in had the contract not been made, 
or
(c) his “restitution interest,” 
which is his interest in having restored to him any benefit that he has 
conferred on the other party.

[2] Henry S. 
Miller Co. v. Bynum, 836 S.W.2d 160, 163 (Tex. 1992)(“The 
‘benefit of the bargain’ measure, which utilizes an expectancy theory, evaluates 
the difference between the value as represented and the value actually 
received.”).

[3] Arthur 
Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 817 (Tex. 1997) 
(“[o]ut‑of‑pocket damages measure the difference 
between the value the buyer has paid and the value of what he has 
received”).

[4] Murray v. 
Crest Constr., Inc., 900 S.W.2d 342, 345 
(Tex. 1995) 
(noting that quantum meruit recovery provides “amount 
of benefits conferred” on defendant). 

[5] See Fortune 
Prod. Co. v. Conoco, Inc., 52 S.W.3d 671, 681 
(Tex. 2000); Latham v. Castillo, 972 S.W.2d 66, 70 (Tex. 1998); 
Formosa Plastics Corp. USA v. Presidio Eng’rs and 
Contractors, Inc., 960 S.W.2d 41, 49 (Tex. 1998); Arthur Andersen, 
945 S.W.2d at 817; W.O. Bankston Nissan, Inc. v. 
Walters, 754 S.W.2d 127, 128 (Tex. 1988); Leyendecker & Assocs., Inc. v. Wechter, 683 S.W.2d 369, 373 (Tex. 1984); see also 
Restatement (Second) of Torts 
§ 549 (1977).

[6] See In re 
Kellogg Brown & Root, Inc., 166 S.W.3d 732, 740 (Tex. 2005) (“Quantum 
meruit is an equitable remedy that is based upon the 
promise implied by law to pay for beneficial services rendered and knowingly 
accepted.”) (internal quotations 
omitted).

[7] Heldenfels Bros., Inc. v. City of Corpus 
Christi, 832 S.W.2d 39, 41 (Tex. 1992).

[8] See 
Restatement (First) of Restitution 
§ 152 (1937) (“Where a person is entitled to restitution from another 
because the other has obtained his services, or services to which he is 
entitled, by fraud, duress or undue influence, the measure of recovery for the 
benefit received by the other is the market value of such services irrespective 
of their benefit to the recipient.”).

[9] Nagle v. Nagle, 633 S.W.2d 796, 799-800 (Tex. 1982); Wilson v. Fisher, 188 S.W.2d 150, 152 
(1945).

[10] See 
Tex. R. Civ. P. 
295.

[11] Traywick v. Goodrich, 364 S.W.2d 190, 191 (Tex. 1963); accord, Huber v. Ryan, 627 
S.W.2d 145, 145-46 (Tex. 1981); Signal Oil 
& Gas v. Universal Oil Prod., 572 S.W.2d 320, 326 (Tex. 
1978).

[12] See 
Tex. Civ. Prac. & Rem Code § 
16.004(a).

[13] Scott v. Walker, 170 S.W.2d 718, 720 (Tex. 1943), accord, Stevens’ Ex’rs v. Lee, 8 S.W. 40, 42 (Tex. 
1888).