**Opinion issued June 27, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00381-CV

———————————

## IN RE KEITH WILSON, Relator

———————————

## Original Proceeding on Petition for Writ of Mandamus

———————————

### MEMORANDUM OPINION

Relator, Keith Wilson, filed a petition for a writ of mandamus seeking to vacate the respondent trial judge's May 17, 2019 order denying relator's "Plea to the Jurisdiction and Motion to Dismiss" in the underlying civil assault proceeding.[1] This Court's May 21, 2019 Order denied relator's emergency motion, filed on May 20,

---

[1] The underlying case is *Barbara and Larry White v. Keith Wilson*, Cause No. 10-DCV-180326, pending in the 458th District Court of Fort Bend County, Texas, the Honorable Robert L. Rolnick presiding.

2019, to stay all proceedings, including the May 21, 2019 jury trial date, pending disposition of this petition. *See* TEX. R. APP. P. 52.10(a).

Mandamus is an extraordinary remedy, available only when the relator can show both that: (1) the trial court clearly abused its discretion or violated a duty imposed by law; and (2) there is no adequate remedy by way of appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

This Court's June 4, 2019 Order directed relator to file a supplemental mandamus record with, among other documents, the jury verdict filed on May 22, 2019. On June 6, 2019, relator filed a motion to supplement the mandamus record attaching certified copies of the requested documents, including the jury verdict filed on May 22, 2019.

It is established law in Texas that the rendition of judgment on a jury verdict is a ministerial duty. *See Traywick v. Goodrich,* 364 S.W.2d 190, 191 (Tex. 1963); *see also Webster v. Carey*, No. 07-96-0181-CV, 1996 WL 526923, at *2 (Tex. App.—Amarillo Sept. 17, 1996, no writ). Rule of Civil Procedure 300 states that the trial court shall render judgment on a jury verdict "unless set aside, a new trial is granted, or judgment is rendered notwithstanding verdict or jury finding under these rules." TEX. R. CIV. P. 300; *see also In re Jamilah*, No. 01-05-00521-CV, 2005 WL 1704506, at *2 (Tex. App.—Houston [1st Dist.] July 21, 2005, no pet.) (mem. op.).

Thus, because a jury verdict has been filed, absent a motion for new trial being filed and granted, relator has an adequate appellate remedy to challenge the respondent's order that was the subject of this mandamus petition by directly appealing it together with the final judgment after it is signed. *See Walker*, 827 S.W.2d at 839–40 (mandamus relief is not available when adequate appellate remedy exists); *see also In re Esparza*, No. 14-16-00748-CV, 2016 WL 5947445, at *1 (Tex. App.—Houston [14th Dist.] Oct. 13, 2016, orig. proceeding) (per curiam) (mem. op.) (citations omitted) ("Except in unusual circumstances, not applicable here, mandamus relief is not available after a final judgment has been issued because relator then has an adequate remedy by direct appeal.").

Accordingly, we grant relator's motion to supplement the record, but deny the mandamus petition because he has an adequate remedy by appeal.

**PER CURIAM**

Panel consists of Justices Keyes, Kelly, and Goodman.