

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00031-CV

**IN RE** Rene L. **MADRIGAL,** Relator

Original Mandamus Proceeding[1]

Opinion by:    Liza A. Rodriguez, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Irene Rios, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: July 10, 2024

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original proceeding, relator Rene L. Madrigal asserts that the trial court abused its discretion by granting Alberto Tijerina's motion for a new trial. We agree and conditionally grant mandamus relief.

## BACKGROUND

This matter arises from a motor vehicle accident in which Madrigal's car struck Tijerina's car. Tijerina sued Madrigal, alleging the accident caused a partial tear of Tijerina's infrapatellar tendon. At trial, Tijerina testified that his left knee was injured in the accident, causing pain, and testified regarding the various treatments he underwent to alleviate that pain. One of his treating physicians, Dr. Melissa Guerra, testified that Tijerina was suffering from a tear of the patella

---

[1] This proceeding arises out of Cause No. 2018CVA001882D1, styled *Alberto Tijerina v. Rene L. Madrigal*, pending in the 49th Judicial District Court, Webb County, Texas, the Honorable Jose A. Lopez presiding.

tendon and inflammation of the popliteal muscle. Dr. Guerra also testified about Tijerina's pain, in-office diagnostic tests that confirmed swelling, and MRI results showing a patella tendon tear, swelling of the tendon, and joint swelling. Dr. Guerra then testified about the course of treatment via physical therapy and the limited results Tijerina received through those treatments.

Madrigal countered with expert testimony that the x-ray of Tijerina's knee (taken a few weeks after the accident) showed no damage. Madrigal's expert also testified that the MRI showed Tijerina was suffering from IT Band Syndrome rather than a partial tendon tear, and that IT Band Syndrome is typically caused by chronic, repetitive trauma.

The jury returned a 10-1 verdict finding that Madrigal's negligence caused the accident and awarded Tijerina $2,494.02 for his past medical expenses and $0 for the remainder of the submitted damages elements.[2] On April 26, 2023, Madrigal filed a motion to enter judgment. On May 30, 2023, Tijerina responded to Madrigal's motion and filed a motion for new trial, arguing that the jury's zero damages awards and its award for past medical expenses were contrary to the great weight and preponderance of the evidence or supported by no or insufficient evidence.

After a hearing on the motions, the trial court entered his order granting a new trial, based on the zero damages award for past physical pain.

> Based on a review of the entire record, the Court concludes that the jury's answer for past physical pain is so against the great weight and preponderance of the evidence as to be manifestly unjust and/or the jury's finding of zero damages for past pain is not established by a preponderance of the evidence that Plaintiff's injury was unaccompanied by any pain.

---

[2] Though not argued before the trial court, Madrigal notes that this is the exact amount that Tijerina paid for the x-ray and MRI.

**STANDARD OF REVIEW**

A writ of mandamus will issue to correct a clear abuse of a trial court's discretion when the party has no adequate remedy by appeal. *In re Southwestern Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Cap. Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding).

"A trial court's order granting a new trial is subject to review in a mandamus proceeding." *In re Vernis Hernandez*, No. 04-23-00246-CV, 2023 WL 5068573, at *1 (Tex. App.—San Antonio Aug. 9, 2023, orig. proceeding) (citing *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 758 (Tex. 2013) (orig. proceeding)). "A writ of mandamus shall issue to correct a clear abuse of discretion committed by a trial court in granting a new trial." *In re Whataburger Rests., LP*, 429 S.W.3d 597, 598 (Tex. 2014) (orig. proceeding). A trial court does not abuse its discretion if its stated reason for granting a new trial (1) is a legally appropriate reason for the new trial; (2) the stated reason is sufficiently specific enough to show the trial court did not simply parrot a pro forma template, but derived its articulated reason from the particular facts and circumstances of the case; and (3) the record supports the trial court's rationale for ordering the new trial. *See In re Bent*, 487 S.W.3d 170, 173 (Tex. 2016) (orig. proceeding); *In re Toyota*, 407 S.W.3d at 758.

"A district court certainly may grant a new trial 'when the damages are manifestly too small or too large[.]'" *In re Rudolph Auto., LLC*, 674 S.W.3d 289, 307 (Tex. 2023) (quoting TEX. R. CIV. P. 320)). "But whether to award damages and how much is uniquely within the factfinder's discretion." *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 772 (Tex. 2003). *See also In re Rudolph Auto.*, 674 S.W.3d at 307 ("Subject to the presence of sufficient evidence, a jury always

has significant authority to award or deny damages."). "In reviewing a challenge that the jury finding is against the great weight and preponderance of the evidence, we first examine the record to determine if there is some evidence to support the finding." *Carrasco v. F&D Grp., Inc.*, No. 04-06-00529-CV, 2007 WL 4244204, at *2 (Tex. App.—San Antonio Dec. 5, 2007, no pet.) (citing *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986)). "If there is some evidence to support the jury's finding, we must next determine, in light of the entire record, whether that evidence is contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust, or whether the great preponderance of the evidence supports its nonexistence." *Id*.

"Appellate review recognizes the duty to reconcile conflicting jury findings if at all possible." *Rios v. Texas Dep't of Mental Health & Mental Retardation*, 58 S.W.3d 167, 171 (Tex. App.—San Antonio 2001, no pet.) (citing *Signal Oil & Gas v. Universal Oil Prod.*, 572 S.W.2d 320, 326 (Tex. 1978)). "An appellate court may not substitute its judgment for that of the trial court; however, 'neither may the trial court substitute its judgment for that of the jury in granting a new trial.'" *In re Ybarra*, No. 04-17-00245-CV, 2017 WL 4655347, at *3 (Tex. App.—San Antonio Oct. 18, 2017, orig. proceeding) (mem. op.) (quoting *In re Wyatt Field Serv.*, 454 S.W.3d 145, 152 (Tex. App.–Houston [14th Dist.] 2015, orig. proceeding)). *See also In re Wyatt Field Serv.*, 454 S.W.3d at 152 ("The method for ensuring that the trial court does not substitute its judgment for that of the jury, is to confirm that the court's reasons for granting a new trial are valid and correct, i.e., supported by the trial record.").

## ANALYSIS

Madrigal asserts that the trial court abused its discretion in ordering the new trial because the record does not support the trial court's conclusion "that the jury's answer for past physical pain is so against the great weight and preponderance of the evidence as to be manifestly unjust

and/or the jury's finding of zero damages for past pain is not established by a preponderance of the evidence that Plaintiff's injury was unaccompanied by any pain." We agree.

## I. The trial court's reasoning for granting a new trial is not supported by the record.

The trial court's order provides a legally appropriate reason for the new trial—i.e., that the jury's verdict went against the great weight and preponderance of the evidence. And the trial court's explanation as to how the verdict went against the great weight and preponderance of the evidence, was specific enough to show the trial court derived its articulated reason from the particular facts and circumstances of the case. The trial court referred to specific record evidence—predominantly in the form of testimony from Tijerina and Dr. Guerra, and Tijerina's medical records—that Tijerina has suffered and is suffering from pain in his knee. Further, by repeatedly referring to this evidence as "uncontroverted," the trial court supports its conclusion that a finding of zero damages for pain goes against the great weight and preponderance of the evidence.

However, the record does not support the trial court's stated reason for a new trial. *See In re Toyota*, 407 S.W.3d at 761 ("Because the record does not support the articulated reason, the trial court abused its discretion by granting a new trial on that ground."). Instead, record evidence supports the jury finding of zero damages for pain.

While the court relies on the "uncontroverted evidence" that Tijerina was in pain after the accident, evidence on the nature or cause of Tijerina's pain was not so one-sided. Madrigal's medical expert testified that Tijerina was suffering from IT Band Syndrome, which is caused by chronic, repetitive trauma. The jury was free to credit this testimony over the testimony that Tijerina's knee was injured during the accident. *See Gonzalez v. Wal-Mart Stores, Inc.*, 143 S.W.3d 118, 123 (Tex. App.—San Antonio 2004, no pet.) ("[A] jury may weigh testimony regarding previous or subsequent injury and its effect on the complaining party."). *See also Golden Eagle Archery*, 116 S.W.3d at 761 ("[T]he jury is the sole judge of the credibility of witnesses and the

weight to be given to their testimony."). In other words, there is sufficient evidence to support the jury's finding of zero damages for pain. *See In re E.I. duPont de Nemours & Co.*, 463 S.W.3d 80, 85 (Tex. App.—Beaumont 2015, orig. proceeding) (per curiam) ("A 'no' answer does not have to be supported by a preponderance of the evidence or even affirmative evidence, because to require such would incorrectly shift the burden of proof.").

But the trial court skips over this conflicting evidence by interpreting the award for past medical expenses as a jury finding that Tijerina's injury was caused by the accident.

> In responding to the Court's question on the amount of damages, the jury found that Plaintiff sustained injuries as a result of the occurrence in question and awarded Plaintiff $2,494.02 for reasonable expenses of necessary medical care in the past. But even though the jury found that Defendant's negligence caused Plaintiff's injuries and awarded Plaintiff past medical expenses for reasonable and necessary treatment of his injuries that resulted from the occurrence in question, the jury awarded zero damages for past physical pain and awarded nothing for all other elements of damages. Yet Plaintiff introduced objective and uncontroverted evidence that he injured his left knee as a result of the occurrence in question and experienced pain due to the injury.

With this assumption in place, the trial court describes both the subjective and objective evidence of Tijerina's pain that was presented at trial and concludes that the zero damages award for pain is against the preponderance of the evidence. In doing so, the trial court *almost* presents this as an irreconcilable conflict (but does not), based on the trial court's own presumption that the award of $2,494.02 for past medical expenses amounts to a jury finding that the accident caused the alleged injury—i.e., the zero damages award for pain was against the preponderance of the evidence of pain in light of the damages award for past medical expenses.

But the jury's award of past medical expenses is not relevant to this court's examination of the record to see if the zero damages award for pain is against the preponderance of the evidence. *See Rios*, 58 S.W.3d at 171–72 ("When no conflict exists, the appellate court cannot use the jury's

answer to one question to challenge the insufficiency of the evidence supporting the jury's answer to another question.") (citing *Huber v. Ryan*, 627 S.W.2d 145, 146 (Tex. 1981)).

Looking at the record, the conflicting evidence as to the nature and cause of Tijerina's physical injury—predominantly in the form of testimony from Madrigal's expert—undermines the trial court's rationale for granting a new trial because there is some evidence to support the jury's finding of zero damages for pain. Accordingly, the trial court abused its discretion in granting the new trial.[3]

## II.     The jury awards are not irreconcilable.

Even if the trial court had presented these jury awards as irreconcilable, the record would not have supported the court's reasoning. The trial court's presumption that the damages award for past medical expense amounts to a finding that the accident caused Tijerina's alleged injury, is based on the language in the jury instructions.

> Indeed, given that the damages question was conditioned on a finding that Plaintiff was injured as a result of the occurrence in question, the jury affirmatively determined that Plaintiff sustained an injury in the crash when it awarded Plaintiff damages for past medical expenses.

The trial court is referring to the language in Question No. 3 which states:

> What sum of money, if paid now in cash, would fairly and reasonably compensate Alberto Tijerina, for his injuries, if any, that resulted from the in question?

But the trial court's conclusion is undermined by the fact that the jury instructions do not define "injuries." Accordingly, the jury may have found that there was evidence for finding that

---

[3] The trial court's ruling is also inadequate because the court's stated reason and explanation for the new trial appears to conflate a legal issue with an evidentiary one (relying on causation for one aspect of damages to find causation for another type of damages). *See In re Rudolph Auto.*, 674 S.W.3d at 301 ("And when a reason for a new trial appears to conflate a legal problem with an evidentiary one, the appellate court will likewise deem that reason inadequate because it fails on the merits.").

Madrigal caused an economic injury—past medical expenses—without finding that Madrigal caused Tijerina's physical injury. *See Huber*, 627 S.W.2d at 146 ("In the absence of a definition for 'injury,' the jury may have considered the term to include economic loss."). Because the facts required to prove causation for each are different, there is no conflict in the jury's verdict. *See Guevara v. Ferrer*, 247 S.W.3d 662, 669–70 (Tex. 2007) (holding that non-expert evidence of circumstances surrounding an accident was sufficient to determine that some medical expenses (being transported to an emergency room and examined in the emergency room) were causally related to the accident, but that evidence was "not legally sufficient to prove what the conditions were that generated all the medical expenses or that the accident caused all of the conditions and the expenses for their treatment.").

As this court has previously recognized, a jury is free to find that an accident is the proximate cause of diagnostic testing and yet, after weighing conflicting testimony, find that the accident is not the proximate cause of an alleged injury (or related pain).

> We do not find an irreconcilable conflict in these two jury findings. The medical records and the testifying experts presented conflicting facts and opinions, both objective and subjective, from which the jury was entitled to draw its findings. The jury could find damages to compensate for the diagnostic testing and doctors' visits following a minor collision and also find that the injury sustained did not produce compensable damages for pain and mental anguish. The jury could also have considered the possibility that any pain Rios experienced was due to an age-related degeneration.

*Rios*, 58 S.W.3d at 171. *See also, id.* ("It will never be presumed that jurors intend to return conflicting answers, but the presumption is always to the contrary. Courts properly refuse to strike down answers on the ground of conflict, if there is any reasonable basis upon which they may be reconciled.") (quoting *Traywick v. Goodrich*, 364 S.W.2d 190, 191 (Tex. 1963)).

Madrigal has noted that the $2,494.02 in damages awarded to Tijerina for past medical expenses is the exact amount Tijerina paid for diagnostic testing after the accident. Accordingly,

the jury could have determined that the evidence supported awarding damages for diagnostic testing but did not support finding that relator caused Tijerina's physical injury. *See JLG Trucking, LLC v. Garza*, 466 S.W.3d 157, 162 (Tex. 2015) ("[W]hen an accident victim seeks to recover medical expenses, she must show both what all the conditions were that generated the expenses and that all the conditions were caused by the accident.") (citations and quotations omitted). Therefore, the award of damages for past medical expenses has no bearing on whether the jury's zero damages award for pain was proper.

## CONCLUSION

The record does not support the trial court's articulated reasons for granting a new trial because the jury's answer for past physical pain is not so against the great weight and preponderance of the evidence as to be manifestly unjust. Instead, the record presents conflicting evidence as to the nature and cause of Tijerina's physical injury including some evidence to support the jury's finding of zero damages for pain. Accordingly, we conclude that the trial court abused its discretion by substituting its judgment for that of the jury and granting a new trial. We therefore conditionally grant the petition for writ of mandamus and direct the trial court to vacate its order granting a new trial. The writ of mandamus will issue only if the trial court fails to comply within ten days of the date of this opinion and order.

Liza A. Rodriguez, Justice